RAINBOW GARDENS, Appellant, vs. INDUSTRIAL COMMIS-
SION OF WISCONSIN and another, Respondents.

*January 17—February 10, 1925.*

*Workmen's compensation: Deputy sheriff acting as doorkeeper at
amusement place: Compensation for injuries: How computed.*

1. Where a deputy sheriff was engaged for a single night to attend
   a place of amusement and admit only those who produced
   tickets or whose names were furnished to him, he was acting
   as the doorkeeper of the proprietor and not as a peace officer,
   and his act in attempting to prevent the entrance of a group
   who had no tickets was within the scope of his employment.
   p. 226.
2. Where the employment of claimant as doorkeeper was seasonal
   and irregular and for a few times per year, compensation was
   to be computed under sec. 102.09 and par. (c), sub. (1),
   sec. 102.11, Stats., on the basis of the previous earnings of the
   injured employee and of other employees of the same class in
   the same employment in the same locality, par. (a) and (b)
   being inapplicable; and an award of compensation under

par. (c), sub. (1), sec. 102.11, cannot be sustained where it was not shown what a person continuously employed in the occupation applicant was pursuing when injured would earn in any year.  p. 226.

3. Whatever basis is used in computing the compensation to be awarded to an injured employee should be pursued, and the industrial commission is not warranted in proceeding partially on one basis and partially on another.  p. 227.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.  *Reversed, with directions.*

Workmen's compensation.  *Levi Levizow,* the claimant, was a deputy sheriff for Outagamie county.  On the afternoon of December 31, 1922, Louis Schroeder, treasurer of the plaintiff, which was a Wisconsin corporation engaged in conducting a dancing pavilion and refreshment parlor situated just outside of the city of Appleton, applied to the sheriff of Outagamie county and asked him to secure the services of a deputy to be in attendance at the plaintiff's place of business on New Year's eve in order to prevent any disturbance.  The claimant was in the office of the sheriff at the time the application came in, and in response to the suggestion of the sheriff went with the sheriff to plaintiff's premises.  There Mr. Schroeder informed the sheriff that he would have to have some help and the sheriff asked the claimant if he would work, to which the claimant replied "Yes."  Then Schroeder said: "He will be all right," and addressing himself to the claimant said: "You come out and help us, will you?" and the defendant said "Certainly, I will."  In response to this arrangement claimant went to the *Rainbow Gardens* on New Year's eve, where he was instructed as to his duty by those in charge of the plaintiff's premises.  He was told to stand at the door and admit only those who produced tickets or whose names appeared upon a written list furnished to him.  It appears there were some 715 reservations for the evening, which was the capac-

ity of the resort. Mr. McLaughlin, another deputy sheriff, was also in attendance. Some time during the evening a group of men came to the hall and demanded admittance. Upon being refused admittance they offered the claimant $20. Upon his refusal to accept this amount they started to go in without permission, the claimant grabbed one of the men, and in the scuffle which followed the defendant's leg was broken. While no arrangements were made in regard to wages it appeared that it was customary to give a tip, so called, for the services rendered, the amount of which was ordinarily $5. In some cases this was not done.

Application was made to the *Industrial Commission* and the *Commission* awarded compensation, including the services of physicians and hospital fees. This action was begun in the circuit court for Dane county to review the action of the *Commission.* Upon the trial of the action the award of the *Industrial Commission* was affirmed and judgment entered accordingly, from which the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Bradford & Bradford* of Appleton, and for the respondent on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

ROSENBERRY, J. In his opinion directing judgment the trial court said:

"At the time of injury applicant was serving plaintiff as a doorkeeper. As is clearly indicated by plaintiff's instructions to him, he was not there acting in his capacity as a peace officer. He was not instructed to exclude those who might create a disturbance or cause a breach of the peace, but only those who had not made reservations in advance. . . .

"The fact that a man holds the appointment of deputy sheriff does not make him an officer when he is doing farm work or when he is working for a third person in the capacity of a doorkeeper. He is an officer only when he is serving the public in an official capacity. . . .

"The public does not supply deputy sheriffs to act as door-keepers for persons who conduct private places for profit, and the public is not liable to pay compensation to employees who happen to be deputy sheriffs for the injuries sustained in the course of their employment by such private persons."

With the conclusions of the trial court we fully agree. They fully and accurately state the law applicable to the facts in this case. The act of the doorkeeper in attempting to prevent the entrance of the group who had no tickets was clearly an act within the scope of his employment and in respect to which he acted for and on behalf of the plaintiff. *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304.

It is contended by the plaintiff that the average annual earnings of the claimant were not established with sufficient definiteness to enable the *Commission* to determine the proper amount of compensation to be awarded claimant. Sec. 102.09, Stats., provides that the average annual earnings of the claimant shall be the basis for computing the amount of the award. Sec. 102.11 provides how the computation shall be made; par. (a) of sub. (1) is not applicable, and the result in this case seems to have been arrived at by applying combination of par. (b) and (c). There is no evidence in this case of what the average daily wage or salary of an employee of the same class, working substantially the whole of such immediately preceding year at the same or similar employment, would be. Therefore, the situation seems to fall under par. (c), which provides that where the provisions of par. (a) and (b) are not applicable, "such average annual earnings shall be taken at such sum as, having regard to the previous earnings of the injured employee, and of other employees of the same or most similar class, working in the same or most similar employment, in the same or a neighboring locality, shall reasonably represent the average annual earning capacity of the injured employee."

The evidence in this case discloses that the employment in which claimant was engaged at the time of his injuries is

seasonal and irregular; that he was so employed a few times per year. No effort was made to show what a person continually employed under the conditions prescribed by par. (c) would earn in any year.

In *West Salem v. Industrial Comm.* 162 Wis. 57, 155 N. W. 929, a claimant for a death loss, where the deceased was a plumber and had been summoned as a part of a posse and died while rendering such services, was held to be entitled to compensation on the basis of the earnings of one doing the kind of service he was rendering at the time of his death and not that in which he was customarily and ordinarily engaged. The widow in that case was awarded compensation on the basis of a policeman's wages rather than those of a plumber.

The award in this case apparently assumes that some person would find employment of the kind in which claimant was held engaged for 260 days in the year, while the evidence discloses the contrary to be true. Whatever basis of computation is adopted should be pursued. The *Commission* is not warranted in proceeding partially on one basis and partially upon another. If deputy sheriffs in the vicinity of Outagamie county earn a yearly wage, that fact should be established if that is the most similar employment. It cannot be assumed that such a person earns for 260 days the maximum amount paid for a casual and extraordinary service on a single occasion. The evidence submitted upon this branch of the case was very meager and most unsatisfactory.

It is considered that the judgment of the circuit court affirming the award of the *Commission* should be reversed, and the cause remanded with directions to the circuit court to remand the record to the *Industrial Commission* for further evidence to be taken and the average annual earnings of the claimant ascertained in accordance with the provisions of the statute.

*By the Court.*—It is so ordered.