*606
 
 By the Court
 

 (Kinkade, J.).
 

 There is no dispute in the evidence about the facts. The sole question in the case is, was Heil injured while in the course of his employment? He was injured while he was on his way from his home to his place of employment. The injury occurred on the public highway, and before he had reached the property of his employer. He had no duties to perform for his employer until he reached the abattoir plant. His position at the time of his injury was no different from what it would have been had he been on his way to the abattoir plant where his duty there would have required him to run a stationary engine in the plant. He could not possibly do any of the things he was employed to do until he reached the plant itself. That is where his duties began in the morning, and where they ended in the evening after he had finished his day’s service as superintendent.
 

 Counsel for Heil contended before the commission, in the trial court, in the Court of Appeals, and in this court, that Heil was in the employ of the company and acting in the discharge of his duties from the time he left his home until after the accident happened. Our attention is called by counsel for Heil to cases in which a traveling salesman, while traveling for his employer, is held to be in the course of his employment wherever he may be at any time, and it is said that the decisions in cases of that character are applicable here. We see no similarity between the two classes of employes. The traveling salesman is employed to travel and sell goods. Necessarily he is continuously in the discharge of his duties when he is traveling in his allotted terri
 
 *607
 
 tory for the purpose of selling goods. The mere fact that the company elected to reimburse Heil for his expenses in traveling between his home and the abattoir plant, on account of the distance he had to travel, and on account of the early hour he was to reach the plant in the morning, cannot affect the situation in the least. Had there been a street ear line, or an interurban line, or a bus line running between Springfield and the plant, Heil might have used any one of them to effect the purpose he had in mind. He sometimes used a friend’s car, and at other times used a public taxicab.
 

 If it be true that Heil was in the service of the company and in the scope of his employment from the time he left his home until he reached the plant, then it must follow that, if he had hired a car and driven it himself on the highway, and in so doing he had carelessly injured some other traveler upon the highway, the company would be liable to the injured party for the negligence of Heil because he was at the time acting within the scope of his employment.
 

 Counsel for Heil fully appreciate that it is quite necessary to establish the fact that Heil was in the course of his employment from the time he left his home in Springfield until he was overtaken by the accident. The whole case depends upon that one question. We are quite unable to see any substantial merit in the proposition that an employe whose duties have a fixed
 
 situs
 
 can be in the discharge of those duties when he is a mile away, traveling upon a public highway for the purpose of reaching his place of employment. If the proposition presented is tenable, then it is quite immaterial whether he is a mile away
 
 *608
 
 or fifty miles away, or whether he be traveling by any of the ordinary modes of travel or traveling in an airplane.
 

 The following cases sustain the conclusion we have reached:
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Conrad, Admx.,
 
 v.
 
 Youghiogheny & Ohio Coal Co.,
 
 107 Ohio St., 387, 140 N. E., 482, 36 A. L. R., 1288;
 
 Edwards
 
 v.
 
 Wingham Agricultural Implement Co., Ltd.,
 
 109 L. T. R. (N. S.), (Eng.), 50, 6 B. W. C. C., 511;
 
 Erickson
 
 v.
 
 St. Paul City Ry. Co.,
 
 141 Minn., 166, 169 N. W., 532.
 

 The trial court was clearly in error in not directing a verdict in favor of the Industrial Commission. The judgments of the trial and appellate courts will be reversed, and final judgment entered here in favor of the Industrial Commission.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.