BAUMBACH, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(Decided June 6, 1938.)

*Mr. Charles B. Terry* and *Messrs. Davies, Hoover & Beall,* for appellee.

*Mr. Herbert S. Duffy, Mr. Eugene Carlin* and *Mr. Earl T. Wagner,* for appellant.

MATTHEWS, J. This is an appeal from a judgment by the Court of Common Pleas of Hamilton county in favor of the plaintiff on an appeal from the Industrial Commission of Ohio, which had disallowed his application for compensation on account of injuries received. The case was heard upon a stipulation of facts. We quote this stipulation:

"Albert Baumbach, hereinafter designated as plaintiff, was in the employ of the Morton-Hales Company, hereinafter designated as employer, which company was a subscriber to the State Insurance Fund under the Workmen's Compensation Act. The place of business of the employer was located at 125 West Fourth street, Cincinnati, Ohio, and a substantial majority of the work contemplated by the contract of employ-

ment was performed within the limits of metropolitan Cincinnati.

"The employer occasionally had special contracts in its line of work, consisting of interior decorating, painting, and the like, outside the limits of metropolitan Cincinnati. When they had such contracts, it was agreed between the employer and the plaintiff and other employees that the employer would pay the cost of transportation to and from the place where work was to be done, based on the bus fare between Cincinnati and the place where the work was to be performed. It was further agreed that upon such occasions, plaintiff and other employees should continue at work until quitting time and then proceed, at the company's expense, directly to their residence without reporting each evening to the employer.

"On June 7, 1935, plaintiff was working for the employer on what was known as the Presbyterian Church job at Hamilton, Ohio. On that date he quit work in Hamilton at 4:30 p. m., and while proceeding in his own automobile in a direct route from the church in Hamilton to his summer residence in Epworth Heights, Cincinnati, his automobile was struck by a truck at the intersection of Reading road and the Glendale-Milford pike. In this collision he sustained injuries disabling him in excess of seven days. The injuries were sustained in Hamilton county, Ohio.

"At the time of the collision, plaintiff had not yet reached the city limits of Cincinnati, nor had he reached any point on the line between employer's place of business and his residence. * * *

"It is stipulated and agreed by and between counsel for the plaintiff and counsel for the State Insurance Fund that if G. P. Lindsay, treasurer of the Morton-Hales Company, the employer in this case, were present, he would testify that neither he or anyone else on behalf of the employer issued any specific instructions

to the plaintiff or any other employee on this date with reference to his movements after four-thirty, the hour at which he ceased work on the Presbyterian Church job.''

This was all the light that was shed upon the relation of the plaintiff's employment to his injury. The Industrial Commission did not think it showed any causal relation between the two. The Common Pleas Court thought otherwise. The problem confronting us is to determine which was right.

It is agreed, of course, that under Section 35 of Article II of the Ohio Constitution, and Section 1465-68, General Code, injuries to workmen compensable from the Workmen's Compensation Fund are limited to those ''occasioned in the course of such workmen's employment.'' As construed in *Fassig* v. *State, ex rel.*, 95 Ohio St., 232, 116 N. E., 104, these constitutional and statutory provisions limit compensation to such injuries as are the result of, or arise out of, the employment. In other words, it must appear that there was some causal relation between the injury and the work.

Now it appears that the plaintiff had finished his day's work and was traveling along a public highway toward his home in his own automobile at the time of his injuries. It is argued that the stipulation is susceptible of two interpretations—one, that the plaintiff was on his way home, and the other, that he was on his way to his employer's place of business to report—but as we construe the stipulation, it is clear that he was on his way home. That was in accordance with the general agreement between the employer and his employees, and, as is seen by the stipulation, the plaintiff agreed that the employer had issued to him no instructions as to his movements ''after four-thirty, the hour at which he ceased work.'' The burden was on the plaintiff to prove that he was injured in the course of his employment.

Manifestly, this is a case falling within the broad lines of the "coming and going" category. The general rule applicable to this class is, that injuries received by the employees while going to or returning from their place of work are not compensable because such injuries are not "occasioned in the course of" the employment. To award compensation for injuries received while going to or from work, without any evidence that the cause of the injury arose out of the work, would convert the workmen's compensation plan into an insurance against injuries wherever and however received.

The Industrial Commission asserts that this case falls within the general rule of non-compensability of such injuries and cites *Industrial Commission* v. *Heil,* 123 Ohio St., 604, 176 N. E., 458, as a case in which the general rule was applied to similar facts. In both cases, there was an agreement between the employer and employee whereby the employer paid the cost of transportation. The only factual distinction pointed out by counsel for the plaintiff is that in *Industrial Commission* v. *Heil, supra,* it appeared that when the employee was injured he had left the conveyance and was walking along the public highway toward his place of employment to begin his work, whereas, in this case the employee was on his way home after the day's work had ended. As the plaintiff was riding in his own automobile at the time he was injured, it is not conceived that the causal relation to his work is made stronger by that fact than had he been walking or riding in a public conveyance. Nor is it conceived that going from the work has any closer relation to it than going to it has.

To remove the injury from the non-compensable class, the plaintiff points to two special circumstances of his employment: (1) That there was no single place of employment, and (2) that the employer paid the em-

ployee an amount equal to bus fare from Cincinnati to the place where the work was to be done.

We do not believe that these circumstances have any tendency to show a causal relation between the injury and the employment. It is true that in some of the cases, reference is made to the distinction between an employment having a fixed situs and one that may be described as ambulatory, but it was not the intent thereby to make a distinction between an employment having a single permanent situs, established at or before the employment, and one where during the employment the situs was shifted occasionally or even frequently. In all cases where the injury occurs in the public highway, it is necessary, in order to determine causal or non-causal relation, to ascertain from the evidence the relation of the traveler to his work, hazards from which are made compensable. What control had the employer over him? Was it within or without working hours? Did the traveler carry anything of his employer? Was he on a mission of his employer? And, depending upon the special circumstances of a case, other questions might become important subjects of inquiry. It should be mentioned here that some confusion has resulted from a shifting of emphasis to adjust to particular circumstances, for, in reality in the "coming and going" class the same rule governs as in all other industrial commission cases, and that rule is that if the injury occurred in the course of the employment, and was caused by one of the risks of the employment, it is compensable—otherwise, not. When the injury occurs on the public highway, rather than in the employer's establishment, it is not as clear that it occurred in the course of the employment. No inference that it did arise from the mere place where the injury occurred can be drawn. Other evidence must disclose whether the traveler was doing something for his employer by traveling along the highway. In other

words, the evidence must show that he was performing some duty of his employer at the time. If it appears that he was and that his injury was caused by one of the hazards of traveling, it is compensable.

Now, in the case at bar, the plaintiff was free, so far as his duty to his employer was concerned, to remain overnight in the city of Hamilton. He was not required, in the performance of any duty owing to his employer, to travel on that public highway or any other at the time in question. When he quit working at Hamilton at 4:30 p. m., on that day, and desired to leave, he had the entire range of the compass from which to choose his direction without violating any duty he owed his employer. And no matter what direction he chose to go, he would carry with him while going no responsibility to his employer. He carried none of his employer's property. To the contrary, it appears that he was traveling of his own volition upon a highway of his choosing, upon objectives personal to him, and entirely disconnected with his employment. He was not working for or employed by any one while so traveling. His injury was not received in the course of the employment in which he had been engaged just previously in Hamilton, unless the fact that the employer had agreed to pay the employee an additional amount to cover the increased cost of getting to the place of work when located beyond metropolitan Cincinnati, brings it within the course of employment. The circumstance seems unimportant in this connection. The additional pay was to cover the difference in expense. If he would not have been in the course of employment while traveling from his place of work in Cincinnati to his home, upon what rule of logic can it be said that he would be in the course of his employment while traveling in the same automobile from his place of work elsewhere than Cincinnati to his home? We can think of none.

This defect is fatal to the plaintiff's claim. His injury is non-compensable under the law.

For these reasons, the judgment is reversed, and final judgment rendered for the defendant.

*Judgment reversed.*

Ross, P. J., and HAMILTON, J., concur.