**CITY OF LOUISVILLE, Appellant,**

v.

**Dorothy BROWN; St. Xavier High School; Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1986.

Rehearing Denied April 4, 1986.

Stuart E. Alexander, Asst. Director of Law, Louisville, for appellant.

Harris J. Berman, Michael Darnell, Louisville, for appellees.

Before CLAYTON, DUNN and Mc-DONALD, JJ.

CLAYTON, Judge.

This is an appeal by the City of Louisville from a judgment of the Jefferson Circuit Court summarily affirming an opinion and award of the Kentucky Workers' Compensation Board. The Board, by that opinion, specifically finds that the appellee, Dorothy Brown, was acting as an employee of the city police department on the night she was injured and awards her temporary and permanent partial disability benefits. On appeal, the city challenges this finding, arguing that Brown was acting solely in her own interest as a moonlighting employee on the date of her injury. The facts, which are highly controverted by the parties, are as follows: on Monday evening, April 4, 1983, Brown at the request of a fellow female traffic control officer, Clark, was directing traffic on Poplar Level Road in front of St. Xavier High School in Louisville, Kentucky. The school, which routinely held fund raising events every Monday night, was to pay Dorothy $15 for her traffic directing services that evening. On that particular night, however, Brown was struck and injured by an automobile while directing traffic outside the high school. At the time of her injury, Dorothy was in uniform and was using a police vehicle with the emergency lights running. According to her own testimony, Brown had several times in the past volunteered to work for her friend Clark, and had received permission to do so from her superior officers. According to the testimony of the traffic control officer Clark, the officer who normally provided this service, she was initially told by her supervising sergeant at the time she first began directing traffic at St. Xavier, approximately a year before, that she was to report to the school in uniform in a police vehicle to direct traffic. It is uncontroverted that ordinarily traffic control officers do not wear their police uniform nor have the use of police vehicles while "moonlighting."

In contrast to the testimony of Officers Brown and Clark, Colonel Aubrey, Commander of Operations at the Louisville Police Department, testified that upon receiving a phone call from St. Xavier requesting a police officer to direct Monday night traffic, he informed the caller that no officer could be assigned because this was a "private enterprise-type venture." The Colonel did promise to pass along the employee's request to traffic control officers to see if one of them wanted this type of "off-duty" job. Officer Clark, and later Officer Brown, according to the Colonel, did receive permission to wear the uniform during off-duty hours for this type of job. In accordance with this version of events, Brown testified that she was never directly ordered to handle traffic in front of St. Xavier on Monday nights nor ordered to wear her uniform when she did so. However, the Board in its opinion, expressly chose to disregard the Colonel's testimony and instead found that Brown was working within the scope of her employment for the city and was in fact rendering a beneficial service to the police department. It is this

finding which is the focus of our discussion.

"Moonlighting," or the performance of off-duty employment related to a regular on-duty job, is a common occurrence among police officers at all levels of police employment. Where an off-duty police officer, ostensibly employed by a private employer to perform duties similar to those of his regular employment, is injured while providing those services, the issue frequently arises as to whether, for the purposes of Workers' Compensation, the injured officer is an employee of the police department by which he is regularly employed (and, therefore, an employee of the political subdivision operating the department) or an employee of the off-duty employer who has hired him to provide the similar services. While we are now faced with a controversy involving a traffic control officer, it is readily apparent that this same type of problem might arise with respect to any number of city employees whose official duties or their nonofficial equivalent are useful or necessary to private enterprise, hence the importance of the issue at hand. Unfortunately, no reported Kentucky cases exist which deal with this issue in this context. At best, we are compelled to rely upon the principles set forth in *Spurgeon v. Blue Diamond Coal Co.*, Ky., 469 S.W.2d 550 (1971). In this decision, the issue arose as to whether a mine foreman injured while traveling home from a meeting of a mining institute was attending the institute's seminar in the course of his employment so as to be entitled to receive Workers' Compensation benefits. The testimony then before the Board was that although Blue Diamond, the foreman's employer, did not compel Spurgeon to attend such meetings, it encouraged him to do so and derived a benefit from his attendance due to his increased awareness of machine safety and mining legislation. In reversing and remanding for further findings, this Court relied upon the criteria of Professor Larson's treatise on the law of Workers' Compensation. 1A Larson, *Workers' Compensation,* § 27.31(c) (1985). In that work, Larson sets out two criteria for determining whether an employee is injured in the course of his employment. The first of the two factors, "compulsion," refers to compulsion by the employer upon the employee to perform the off-duty activity at which the employee was injured. The second factor of the two, "benefit," refers to what, if any, benefit the employer derives from the off-duty activity performed by the employee. Obviously as the compulsion by the employer and benefits to him increase the conclusion that the employee's conduct at the time of injury was within the purview of his official or regular employment increases accordingly. However, as *Spurgeon, supra* at 554 points out, compulsion may be direct or indirect, and, given the nature of the employer/employee relationship, may even be satisfied by encouragement alone. *Id.* (citing *Dearing v. Union Free School Dist. No. 1,* 272 App.Div. 167, 70 N.Y.S.2d 418 (1921)). As for the benefits half of the test, however, this criteria cannot be satisfied by some vague or general benefit such as increased employee moral. *Jackson v. Cowden Manufacturing Co.,* Ky.App. 578 S.W.2d 259, 264 (1978). The benefit the regular employer derives by the outside employment must be specific and substantial. *Id.*

While other jurisdictions may rely upon slightly different criteria, *City of Manchester v. Huard,* 113 N.H. 81, 301 A.2d 719 (1973); *Rainbow Gardens v. Industrial Co.,* 186 Wis. 223, 202 N.W. 329 (1925); or expanded versions of the above test, *Askew v. Akron,* 17 Ohio Misc. 129, 244 N.E.2d 805 (1969), the dual elements of employer compulsion and benefit appear to be the twin polar stars for determining whether a "moonlighting" activity is considered to be in pursuit of the injured employee's regular employment. In the present case, our review of the facts reveals that Brown has failed to satisfy the compulsion element of the test. While Officer Clark might arguably have been ordered, or compelled, to direct traffic at St. Xavier on Monday nights, it is undisputed that Brown was a volunteer who, on her own initiative, took over for Clark. Moreover, Brown was not even on duty the day she was injured (traffic control officers unlike police officers are

not on duty 24 hours a day, and do not carry weapons or have powers of arrest). Therefore, it is impossible to conclude that she was even encouraged by the Department. This being the case, she cannot, under *Spurgeon, supra,* be considered to have been injured while in pursuit of her official employment with the City of Louisville regardless of the obvious benefit the City received from her services that night. Consequently, the Board erred, as a matter of law, in holding the City responsible for her injuries. Upon remand the Board is instructed to determine, from the record originally presented before it, whether Officer Brown was an employee of St. Xavier at the time of her injury, or merely an independent contractor unprotected by the provisions of the Act.

The judgment of the Jefferson Circuit Court is reversed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.