KUNZE, Appellant,

v.

CITY OF COLUMBUS POLICE DEPARTMENT et al., Appellees.

KUNZE, Appellant,

v.

VANTAGE CORPORATION et al., Appellees.

[Cite as *Kunze v. Columbus Police Dept.* (1991), 74 Ohio App.3d 742.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–160, 91AP–161.

Decided July 11, 1991.

*Robert J. Perry & Assoc.* and *Arthur C. Graves,* for appellant.

*Lee Fisher,* Attorney General, and *Gerald Waterman,* for appellee Bureau of Workers' Compensation.

*Ronald J. O'Brien,* City Attorney, and *Connie Frierson,* for appellee City of Columbus Police Department.

PETREE, Judge.

Appellant, John S. Kunze, appeals from a decision of the Franklin County Court of Common Pleas, which granted summary judgment to appellees in this consolidated workers' compensation appeal. Appellant assigns two errors for review as follows:

"I. The trial court erred in sustaining motions for summary judgment on behalf of the City of Columbus Department of Police and Vantage Corporation.

"II. The trial court erred in overruling the motion for summary judgment on behalf of appellant John S. Kunze."

Appellant's assignments of error are interrelated and therefore will be considered together. The stipulated facts are as follows.

Appellant was employed by the city of Columbus Police Department as a uniformed officer. At about 8:30 p.m. on March 2, 1985, appellant arrived at the Westbelt Industrial Park where he began an off-duty job providing security for the park, which is located within Columbus city limits. Edward Woods, a fellow Columbus police officer, was also providing security services with appellant at the industrial park that evening.

This off-duty security service is actually called "special duty" work and is sanctioned by the Columbus Police Department. The special duty assignment here was being done pursuant to an oral arrangement between Vantage Corporation ("Vantage") and Officer Woods.[1]

On the night in question at 12:15 a.m., appellant told Officer Woods that he was tired and that he would be going home. Appellant then left the Vantage property in his own automobile and proceeded to drive to his home on Cara Road in Amlin, Ohio. Specifically, appellant drove out of the Vantage property, turned right on Roberts Road, and proceeded east for five-tenths of a mile to the Interstate 270 North entrance ramp. He then drove 2.2 miles north on the interstate and exited at the Hilliard–Cemetery Road exit ramp. Upon exiting the ramp, he drove westbound on Hilliard–Cemetery Road for

---

1. For purposes of this appeal and reasons that will follow, we need not be concerned with whether Vantage Corporation or the city of Columbus Police Department was an employer under the Workers' Compensation Act.

one mile until he turned right onto Leap Road, where he proceeded north. From there, to reach his residence, appellant would have to drive 1.3 miles north on Leap Road, where he would turn left on Davidson Road and drive nine-tenths of a mile, and turn right on Avery Road. After proceeding 2.1 miles on Avery Road, he would arrive at Cara Road, where he resides. Unfortunately, Conrail railroad tracks crossed appellant's path. These tracks cut across Leap Road five-tenths of a mile north of Hilliard–Cemetery Road. The location of this crossing is within Hilliard city limits.

At approximately 12:25 a.m. on the night in question, appellant's automobile crossed the tracks and was struck broadside by a westbound locomotive. Appellant sustained serious bodily injury.

At the time of the accident, appellant was dressed in his police uniform and had his service revolver with him. However, he was not driving in a police cruiser, did not have a police band radio, walkie talkie, or other means of police communication, nor was he responding to any emergency call or situation encompassed within the duties of a Columbus police officer. Moreover, at the time of the accident, appellant was not on property owned by Vantage or the city of Columbus. Appellant was not within the territorial jurisdiction of the Columbus Police Department.

Appellant filed for workers' compensation benefits against Vantage and the city of Columbus, claiming that the injuries he sustained on account of the train accident occurred in the course of and arising out of his employment. A district hearing officer denied both claims for the reason that the claims did not occur in the course of employment. The Columbus Regional Board of Review affirmed this order and the Industrial Commission denied further appeal. Appellant then filed a complaint in the common pleas court pursuant to R.C. 4123.519. Cross-motions for summary judgment were filed and the trial court considered the motions on the stipulations, exhibits, and depositions submitted by the parties.

In its November 7, 1990 decision, the trial court found that there was no genuine issue of material fact regarding appellant's entitlement to workers' compensation benefits. The court found as a matter of law that appellant's injuries did not occur in the course of or arising out of his employment. Appellant then appealed to this court.

In this appeal, appellant argues that the so-called "going and coming" rule, which bars compensation for injuries occurring while traveling to and from work, does not apply to him for two reasons. First, appellant argues that police officers should be exempted from the rule because they have a legal duty to be "on-call" twenty-four hours a day. Second, appellant argues that

the special hazard exception to the going-and-coming rule applies here by virtue of the dangerous railroad crossing in question.

Appellant's first argument is that police officers are always "on duty" and are always subject to concomitant work risks. Therefore, appellant argues that he should be entitled to round-the-clock workers' compensation coverage. However, this proffered "police-officer" exception to the going-and-coming rule is simply not supported by existing law.

■ Under R.C. 4123.01(C), an injury is not compensable under the Workers' Compensation Act unless it occurred in the course of and arising out of employment. Ordinarily, an employee who has a fixed or limited working place is not to be regarded as within the course or scope of his employment while traveling between his home or place of abode and such working place. *Indus. Comm. v. Heil* (1931), 123 Ohio St. 604, 176 N.E. 458. This is the so-called "going-and-coming rule."

■ In *Simerlink v. Young* (1961), 172 Ohio St. 427, 17 O.O.2d 376, 178 N.E.2d 168, the Ohio Supreme Court applied the going-and-coming rule to a case involving a police officer who was injured in an automobile accident while traveling to work in the morning. At the time, the officer was dressed in his uniform and traveling in his own personal automobile. Further, the officer was required by department regulation to devote all of his time and attention to police duties and was to be "on call" at all times. The *Simerlink* court first noted that the officer was not charged with any duty or task in connection with his employment when he was driving to work. In other words, he had not been summoned on a call or ordered to report in for some duty. The court also noted that the officer had not reached the place where his duties were to begin. Accordingly, the court found no causal connection between the officer's injury and the employment in question. The *Simerlink* court wrote in the syllabus:

"1. Injuries received by an employee en route to work in his own automobile, while not on duty and not performing tasks assigned to him by his employer, are not compensable as 'received in the course of, and arising out of, the injured employee's employment.'

"2. Injuries received by a police officer while driving his own automobile from his home to a police station to report for his regularly assigned hours of duty are not, by reason of a police department rule requiring that members of the police department 'at all times * * * must be prepared to act immediately on notice that their services are required,' compensable as injuries received in the course of, and arising out of, employment."

We think that *Simerlink* is controlling on this point. Though that case did not expressly discuss the legal duties of an officer to respond or arrest during off-duty time, it implicitly rejected any special treatment for police officers with respect to the going-and-coming rule. Moreover, while there is some broad language in a Summit County Common Pleas Court case supporting appellant, see *Askew v. Akron* (1969), 17 Ohio Misc. 129, 46 O.O.2d 176, 244 N.E.2d 805, we are bound by the Supreme Court of Ohio and we cannot overrule their past cases. Consequently, appellant's argument that police officers deserve exemption from the going-and-coming rule is not well taken.

■ In addition, contrary to appellant's contention, we find that appellant's position as a police officer does not change the situs of his employment so as to render the going-and-coming rule inapplicable to him. In other words, appellant is not an employee with no fixed situs of work. Here, insofar as the going-and-coming rule is concerned, the industrial park clearly was such a situs.

■ Appellant's second argument is based upon the special hazard exception to the going-and-coming rule, as formulated in *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570. In *Littlefield,* the court held that an employee, who was returning from an off-premises lunch, suffered a compensable workers' compensation injury when a truck struck the rear of a car in which he was a passenger. This car was attempting to make a left turn into the sole entrance to the employer's property. The entrance was on a four-lane roadway that was heavily traveled.

The *Littlefield* court held that the "special hazard or risk" exception to the going-and-coming rule applied in this instance. The court said that the special hazard in that case was waiting to turn left on the heavily traveled roadway adjacent to the employer's sole entrance. The *Littlefield* court wrote in the syllabus:

"1. An employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard.

"2. *The special hazard rule applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public."* (Emphasis added.)

Here, it appears that appellant has met the first prong of the *Littlefield* special hazard test. But for his employment as a special duty officer he would not have been at the railroad crossing where the injury occurred. His natural route home required him to go over the crossing. Nevertheless,

appellant has failed to meet the second prong of the *Littlefield* test. The railroad crossing may have been extremely or extraordinarily dangerous because it was not well lit or because it did not have any electric gate to warn of oncoming trains. But, these dangers are nonetheless ones that any member of the general public would face when crossing the tracks. They are not work risks. Further, we do not think that the fact that this driving occurred late at night changes the analysis. See *Hill v. General Metal Heat Treating, Inc.* (1988), 47 Ohio App.3d 72, 75, 547 N.E.2d 405, 408. Any member of the public traveling at night would face the same risk that appellant faced. Lastly, we do not perceive any quantitative distinction in the record regarding the risk of collision on the railroad track. Although appellant frequently drove over the crossing to get home, he had many alternate routes. No employer ever required, suggested, or encouraged him to take the dangerous route. Nor was this railroad track an immediately adjacent hazard that appellant was compelled to cross. See *Indus. Comm. v. Henry* (1932), 124 Ohio St. 616, 180 N.E. 194. Rather, it was simply a set of tracks on appellant's way home, several miles from the work premises, that appellant chose to cross.

This analysis is bolstered by the general causal connection test of *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. For, though there is some proximity between the scene of the accident and the place of employment in this case, no employer had control over the Conrail tracks nor received any benefit from appellant's crossing the tracks. Consequently, the risk appellant faced was not casually connected to his employment.

In sum, we find that the traditional going-and-coming rule bars compensation in this case and that no exception can be made for appellant by virtue of his status as a police officer or because of any special hazard or risk associated with his employment. Further, even under the general causal connection test applicable to workers' compensation claims, appellant cannot prevail.

Consequently, the trial court did not err in finding that there was no genuine issue of material fact regarding appellant's entitlement to compensation.

For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and JOHN C. YOUNG, JJ., concur.