**COMMONWEALTH OF KENTUCKY, OFFICE OF THE JEFFERSON COUNTY CLERK, Appellant,**

v.

**Sharon GORDON; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–SC–604–WC.

Supreme Court of Kentucky.

Dec. 22, 1994.

Rehearing Denied March 23, 1995.

James Gordon Fogle, William A. Miller, Sr., Ferreri & Fogle, Louisville, for appellant.

William J. Britt, Becker Law Office, Louisville, for appellee Gordon.

OPINION OF THE COURT

This case concerns whether an injury which was incurred by an employee of the Jefferson County Clerk's office while she was distributing political campaign literature after normal working hours and as directed by her supervisor may properly be considered work-related.

Claimant was employed as a deputy clerk in the Jefferson County Clerk's Office. She was injured on the evening of October 23, 1989, while distributing campaign literature on behalf of the reelection of the incumbent Jefferson County Clerk, when she stumbled in a driveway and fractured her ankle. This appeal concerns whether claimant's injury was related to her work.

The evidence on the issue of work-relatedness was conflicting. Claimant testified that when she was hired it was made clear that

participation in political activities was required as a condition of the employment. Her immediate supervisor and other witnesses corroborated this testimony. The County Clerk and other defense witnesses testified that any political activity by employees was strictly voluntary.

The Administrative Law Judge (ALJ) determined that participation in political activities was "clearly urged, if not specifically required, as part of plaintiff's employment," that there was "a significant degree of employer compulsion, and that the activities engaged in by the plaintiff were in fact for the benefit of her employer." *Spurgeon v. Blue Diamond Coal Co.*, Ky., 469 S.W.2d 550 (1971). Therefore, the ALJ concluded that claimant's injury occurred within the scope of her employment and was compensable.

On appeal to the Workers' Compensation Board (Board), the employer asserted that the ALJ's factual findings were not supported by substantial evidence and that, even if she had established the element of compulsion, claimant had failed to establish a benefit to the office of County Clerk from the electioneering activities she was performing when injured. The office of County Clerk was her true employer, not the incumbent.

The Board affirmed the ALJ's underlying factual findings as supported by substantial evidence. The Board also determined that the facts, as found by the ALJ, came within the legal requirements for establishing the work-relatedness of an employee's extracurricular activity as set forth in *City of Louisville v. Brown*, Ky.App., 707 S.W.2d 346 (1986), *Spurgeon v. Blue Diamond Coal Co.*, and the preceding cases. The Board also noted that, had it been shown that claimant was prohibited by statute, regulation, or ordinance from engaging in electioneering activities for the benefit of the clerk, it would have been required to reverse the award as contrary to public policy.

On appeal to the Court of Appeals, the employer again argued that the finding of work-relatedness could not be upheld because there was no evidence of benefit to the office of Jefferson County Clerk from political activities on behalf of the incumbent. The employer also argued that a deputy county clerk is a classified state employee and, as such, is entitled to an administrative remedy if she were to be fired without just cause. Therefore, it was erroneous for the Board to determine that claimant was compelled to electioneer on the incumbent county clerk's behalf.

The Court of Appeals determined that, pursuant to KRS 64.345, the salaries of deputy county clerks are paid from fees collected by the clerk and processed through the Department of Local Government. Therefore, the court concluded that, although deputy clerks receive a paycheck issued by the state, they are not classified state employees who are subject to and protected by KRS Chapter 18A. The Court cited Larson, *The Law of Workers' Compensation*, § 27.41 and § 27.44 and concluded that because claimant's activities were undertaken at the direction of her supervisors and were of apparent benefit to them, they must be held to benefit her employer. The court, therefore, affirmed the Board.

On appeal to this Court, the employer again argues that claimant's injury was not related to her work and that the Court of Appeals' determination that claimant was not a classified state employee was erroneous.

The principles for determining whether or not a worker's activities after normal working hours are to be considered within the scope of the employment were discussed in *City of Louisville v. Brown*. In that case the Court relied upon Professor Larson's treatise and noted that two factors were to be considered. The first was whether the worker was compelled to engage in the activity by the employer. The second was what, if any, benefit the employer derived from the activity. The worker in that case, a traffic control officer, was injured while "moonlighting" at the same activity for which she was employed. However, the moonlighting activity was considered to be outside the scope of the employment because the worker had volunteered to work in order to assist a friend, was not requested to do so by her employer, and was not on 24–hour duty. The Court concluded that, even though the employer derived some benefit from the services which

the worker provided at the time she was injured, the worker was acting primarily for her own benefit at that time and was not covered by the provisions of the Workers' Compensation Act.

■ We will explicitly refrain from determining whether or not claimant should be considered a classified state employee because we are not convinced that the presence of an administrative remedy should be dispositive of whether or not she was compelled to electioneer on the incumbent's behalf. We have reviewed Larson, *The Law of Workmen's Compensation,* § 27.40, *et. seq.,* and conclude that a fair reading of the entire section indicates that, even where government employees are involved, the apparent authority of a supervisor to direct work activities and to fire subordinate employees puts the supervisor in a position of being able to compel the performance of activities by the subordinate for the supervisor's private benefit. Under such circumstances, benefit to the supervisor is the equivalent of benefit to the employer. Where a worker is injured in the performance of such an activity, the worker is entitled to compensation benefits, regardless of whether the supervisor lacked actual authority to compel the performance.

■ In the instant case, the ALJ determined that claimant was compelled to perform the activity during which she was injured and that the activity benefitted her employer. Those findings have been affirmed as supported by substantial evidence both by the Board and the Court of Appeals, and the employer has failed to show that those decisions were erroneous as a matter of law. See *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685 (1992).

Accordingly, the decision of the Court of Appeals is hereby affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, SPAIN and STUMBO, JJ., concur.

REYNOLDS and WINTERSHEIMER, JJ., concur in result only.