Plaintiff-appellant, Charles Silvers, appeals a decision of the Fayette County Court of Common Pleas, granting summary judgment to defendants-appellees Elco Steel Company ("Elco"), and James Conrad, Administrator of the Bureau of Workers' Compensation. We affirm.
Appellant was an employee of Elco in March of 1987. Appellant lived in Patriot, Ohio (located in Gallia County) and worked as a job superintendent at the Appleton Paper plant in Moraine, Ohio, approximately one hundred fifty miles from Patriot. Appellant typically worked Monday through Friday at the plant in Moraine, and stayed in a hotel just north of Moraine. On weekends, appellant usually drove back to his home in Patriot.
Appellant stated in his deposition that on Saturday, March 21, 1987, he returned to his home in Patriot at approximately 1:30 A.M. During that weekend, appellant awoke early on Saturday and Sunday mornings to sow tobacco beds, working approximately eight to ten hours each day on his two hundred ninety acre farm. While working on Sunday, appellant said that between 11:30 A.M. and 3:30 P.M., "it was exceptionally warm that day and I drank a six pack of beer cooling off."
Appellant finished working on his farm between 4:00 P.M. and 5:00 P.M., ate dinner, and then left Patriot attempting to drive to the hotel. Appellant claimed that he planned to drive to the hotel and sleep at the hotel before arriving at work on Monday. Appellant was not required to be at work until Monday morning at 7:00 A.M. Appellant stated that while he was driving he fell asleep. His truck left the roadway and flipped over in a ditch, injuring appellant. The accident occurred in Fayette County shortly before 7:35 P.M. on Sunday, approximately forty to forty-five miles from Moraine. A test at Grant Hospital indicated that appellant's blood alcohol level was .131 grams of alcohol per one hundred milliliters of blood.
Appellant applied for Workers' Compensation benefits, claiming that the accident occurred while he was in the course and scope of his employment. Appellant's claim was denied on March 7, 1988 by a District Hearing Officer. Appellant then appealed to the Columbus Regional Board of Review, and on August 30, 1989, the board allowed appellant's claim. The Administrator of the Bureau of Workers' Compensation filed an appeal of the Columbus Regional Board of Review's decision, and the Industrial Commission's Staff Hearing Officers issued an order on February 15, 1991, vacating the board's allowance of appellant's claim.
Appellant filed an appeal and complaint with the Common Pleas Court of Fayette County on January 4, 1995, claiming that he should be permitted to participate in the benefits afforded by the Workers' Compensation laws of Ohio. On April 7, 1997, appellees filed a motion for summary judgment. Appellees argued that summary judgment should be granted because appellant was not in the course of his employment when he suffered his injury. The trial court granted appellees' motion on June 2, 1997, holding that appellant "was injured as the result of his intoxication, and the injury did not arise in the course of his employment." Appellant appeals the trial court's decision and presents one assignment of error:
 THE TRIAL COURT ERRED IN SUSTAINING THE MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF THE DEFENDANT-ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION.
Appellant argues that the trial court erred in finding that appellant's injuries were not sustained while he was in the course of his employment. Appellant claims that the "going and coming" rule does not apply to his accident because he was not a "fixed situs" employee. Appellant also claims that Elco received a substantial benefit by having him drive between his home in Patriot to Moraine because it was "beneficial to the employer for the employee to maintain some semblance of family life." Appellant also argues that the trial court erred in finding that he was intoxicated at the time of the accident. We limit our review to the issue of whether the trial court properly granted summary judgment by finding that appellant was not "in the course of his employment" when the accident occurred.
When reviewing a summary judgment, a reviewing court must follow the standard set forth in Civ.R. 56(C), which specifically provides that before summary judgment can be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346.
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Gerdes v. Super America Group (Apr. 21, 1997), Butler App. No. CA96-08-171, unreported, at 5, discretionary appeal not allowed (1997), 79 Ohio St.3d 1491. An appellate court may sustain a trial court's entry of summary judgment in a Workers' Compensation case if the undisputed evidence fails to establish the essential elements of the claim for participation in the fund. Carrick v. Riser Foods, Inc. (1996), 115 Ohio App.3d 573,578.
Workers' compensation is provided for individuals and their dependents for "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). In order for an injury to be compensable, both prongs of the test set out by R.C. 4123.01(C) must be satisfied: The injury must be received (1) "in the course of" employment, and (2) it must have arisen out of employment. Fletcher v. Northwest Mechanical Contractors Inc. (1991), 75 Ohio App.3d 466, 470, following Fisher v. Mayfield (1990), 49 Ohio St.3d 275.
An employee is generally "in the course of" employment when the employee is performing the obligations of the employment contract. Brown v. Bernen's Medical (Nov. 17, 1997), Clermont App. No. CA97-06-058, unreported, at 4. The phrase "in the course of" relates to the time, place, and circumstances of the injury. Carrick, 115 Ohio App.3d at 576.
Pursuant to the "going and coming" rule, an employee is not "in the course of" employment when the employee sustains an injury while traveling to or from a fixed place of employment. Brown at 4. The reason why "injuries sustained while traveling to and from a fixed place of employment are not generally compensable [is] because time spent commuting is considered a private activity, not one undertaken in the service of the employer." Slagle v. White Castle Systems, Inc. (1992), 79 Ohio App.3d 210,214, jurisdictional motion overruled (1992), 65 Ohio St.3d 1420.
The "going and coming" rule applies only to an employee with a fixed place of employment. Fletcher, 75 Ohio App.3d at 472. An employee who has a "fixed situs" of employment reports to the same place each day to carry out his duties, id. and "is as a matter of law not in the course of his employment within the meaning of the workmen's compensation laws when traveling to and from his work at that place." Honaker v. Daugherty (Apr. 25, 1980), Scioto App. No. 1256, unreported, at 3, quoting Boch v. New York Life Insurance Co. (1964), 175 Ohio St. 458, 462.
Ohio courts have traditionally determined whether an employee has a fixed or non-fixed situs of employment by analyzing the nature of the employee's duties. Fletcher, at 473; Lord v. Daugherty (1981) 66 Ohio St.2d 441; Lohnes v. Young (1963),175 Ohio St. 291; Ohio Industrial Comm. v. Heil (1931), 123 Ohio St. 604. A reviewing court's analysis of:
 whether the employment situs is fixed or nonfixed and, therefore, whether the "going and coming" rule should be applied to defeat compensation, depends upon whether the traveling itself was part of the employment, either by virtue of the nature of the occupation or by virtue of the contract of employment.
Fletcher at 473.
In the present case, appellant had an obligation as outlined in Civ.R. 56(E) to set forth specific facts showing that there was a genuine issue for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429. Appellant needed to show that he was "in the course of" his employment when the accident occurred. In order to do this, appellant needed to show that he was not a fixed situs employee by demonstrating that traveling was part of his employment "either by virtue of the nature of his occupation or by the virtue of the contract of employment." Fletcher at 473.
The only evidence that was presented to the trial court concerning whether appellant was in the course of his employment was appellant's deposition taken on March 24, 1997, and his two sworn affidavits. Appellant's deposition shows that appellant's occupation was to manage workers as a job superintendent at the Appleton Paper plant. Appellant was not required to be at the hotel on Sunday, but was required to be at a meeting at the plant on Monday at 7:00 A.M. Appellant was paid by the hour as a permanent employee, and was not considered an independent contractor. Appellant stated that the hotel room was provided by his employer to allow him to stay near the plant during the week. Appellant also stated that the truck he was driving was owned by Elco. In his affidavit, appellant wrote "I had to work on [a] large order at the hotel to be presented at 7:30 A.M."
A review of the record does not reveal that appellant was required under his employment contract to travel between Patriot and the plant except to the extent that he was required to be at the plant to manage plant personnel. Appellant did not detail what employment duties he was accomplishing for his employer at the time of the accident. Appellant also did not present evidence to the trial court that his travel expenses between Patriot and the hotel were paid for by his employer.
After having reviewed the record in a light most favorable to appellant, we find that appellant did not present sufficient evidence in response to appellees' motion for summary judgment. Appellant has not demonstrated how his travel from his home to the hotel is in any way different from any other employee traveling from his or her home to their place of employment.
In a case similar to the present case, the Ohio Supreme Court held in Ohio Industrial Commission v. Heil (1931) 123 Ohio St. 604, that a superintendent of a plant was not in the course of his employment while traveling to work. In comparing Heil, a plant superintendent (a fixed situs employee), with a traveling salesman (a non-fixed situs employee), the court stated:
 We see no similarity between the two classes of employees. The traveling salesman is employed to travel and sell goods. Necessarily he is continuously in the discharge of his duties when he is traveling in his allotted territory for the purpose of selling goods. The mere fact that the company elected to reimburse Heil for his expenses in traveling between his home and the abattoir plant, on account of the distance he had to travel, and on account of the early hour he was to reach the plant in the morning, cannot affect the situation in the least.
 [Heil was not in the course of his employment because he] could not possibly do any of the things he was employed to do until he reached the plant itself. That is where his duties began in the morning, and where they ended in the evening after he had finished his day's service as superintendent.
Heil at 606-607.
Accordingly, we find that reasonable minds could only conclude that appellant was a "fixed situs" employee, traveling was not part of his employment, and therefore, he was not in the course of his employment when the accident occurred. The trial court did not err in granting appellees' motion for summary judgment. Appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.