**SPELLMAN, Plaintiff-Appellee v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

**ERWIN, Plaintiff-Appellee v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

Nos. 108 & 109. Decided April 26, 1943.

**62**

Gibbs & Gibbs, Urbana, for plaintiff-appellee.

Thomas J. Herbert, Atty. Genl., Columbus; Robert E. Hall, Ass't. Atty. Genl., Columbus, and Albertus B. Conn, Ass't. Atty. Genl., Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

These are appeals on questions of law from judgments of the Common Pleas Court in favor of each plaintiff and to the effect that each was entitled to share in the Workmen's Compensation Fund by reason of an accident suffered by the plaintiff in case No. 109 and a fatal injury suffered by plaintiff's decedent in case No. 108.

Otis Spellman and Nelson Erwin were employees of The United Paper Board Co. of Urbana, Ohio, a contributor to the Workmen's Compensation Fund. Their employment required that they report for work at 6 o'clock in the morning. On Mar. 20, 1939, at 5:43 A. M., Erwin was a passenger in the automobile of Otis Spellman. on the way to their work. and as they were about to enter the premises of their employer and while crossing the Pennsylvania Railroad tracks. they were struck by a cut of freight cars·being switched on said tracks. Spellman was killed and Erwin seriously injured.

A plat is before us disclosing the premises of the Paper Board Co., the railroad tracks contiguous thereto, and the streets in

their vicinity. Elm Street is a thoroughfare in the city of Urbana, running North and South, connected on the north by a street known as Rhorer Street. Miami Street is a thoroughfare running East and West, intersecting Elm Street about one square from the railroad tracks. Beech Street formerly paralleled Miami Street and crossed Elm Street at the railroad tracks but at the time of the accident under consideration, Beech Street had been vacated on both sides of the railroad. Ann Street is a street extending from Miami to Beech Street, paralleling Elm about one square to the east thereof. The situation thus presented demonstrates that there was but one way of entrance into the building of The United Paper Board Company from the north and, in so far as we can determine, from the plat the only entrance or way from any other direction. In any event, Elm Street to all practical intents and purposes ended at the premises of the Paper Board Co. The Pennsylvania Railroad had eight tracks crossing Elm Street which were adjacent to the Paper Board Co. There were two other tracks of the Erie Railroad to the south of the Pennsylvania Railroad tracks. At the time plaintiff was struck he was within approximately 16 feet of the north property line of the Paper Board Co.

In the trial court there was some difference of contention on one question of fact only, namely, whether or not there was more than one practical route to the place of employment of the employees. In this court counsel for the Commission orally concedes that there was but one practicable route over which the employees could have traveled to reach their employment and that was the one upon which they were traveling at the time of their injuries.

The question presented is, did the injury of Erwin and the death of Spellman arise out of and occur in the course of their employment. Counsel cite and discuss many cases in Ohio, from other states and from the United States Supreme Court. There is no case in Ohio in which the facts parallel the instant case. Appellant cites **Fassig v. State, ex Turner, 95 Oh. St., 232,** to the effect that,

"The provisions in §35, **Article II, of the Constitution,** and in the statute with reference to an injury received in the course of employment refer only to an injury which is the result of or arises out of the employment. Such provisions do not cover an injury which has its cause outside of and disconnected with the employment, although the employee may at the time have been engaged in the work of his employer in the usual way."

and **Industrial Commission v. Weigandt, 102 Oh. St., 1,** that the provisions of the Workmen's Compensation law "do not cover an injury which had its cause outside of and disconnected with the business in which an injured workman was employed," and the further well recognized principle announced in **Slanina v. Industrial Commission of Ohio, 117 Oh. St., 329,** that injuries caused by risk

common to the public generally and not increased by the circumstances of the employment are not compensable. From these cases and others cited it is urged that as the railroad tracks of the Pennsylvania were owned and under the sole control of the railroad company, the Paper Board Company exercised no active ownership or control in respect thereto; the tracks were across a public thoroughfare which was open to the public; the hazard to the plaintiff was common to the public; that employees when injured had not come within the premises of their employer and had not entered their employment. Therefore, it could not be said that their injuries grew out of or occurred in the course of their employment. On the other hand, plaintiffs urge that to all intents and purposes, the thoroughfare over which the employees were required to move to reach the premises of their employer was exclusively used and employed for the benefit of the Paper Board Company for its employees and for those having business with it. That it being the only way of entrance and being immediately adjacent to the premises of the employer and used by its employees by and with its knowledge and consent, was within the zone of their employment. That the hazards to which Erwin and Spellman were subjected were within the environment of their employment and incident thereto and so inseparably connected therewith as to require that it be said that the crossing of the tracks of Elm Street had become a part of the premises of the employer.

Plaintiffs particularly rely upon **Industrial Commission v. Henry, 124 Oh. St., 616.** The judgment in this case was reviewed in this court and one member of the court, as now constituted, participated in the review. It is the recollection of that member of the court that the Henry case was here determined upon the theory adopted by Judge Marshall in the concurring opinion, namely, that the employee was in the course of his employment while going for something to eat and that question was not influenced by the proximity of the railroad to the premises of the employer. Henry went to work for the Purity Ice Cream & Dairy Co. shortly after midnight, preparatory to loading his milk wagon for delivery on his route as a part of and incidental to his employment, he fed his horses and then while they were eating he ate his breakfast. This practice was an essential part of the custom of his employment known, recognized and acquiesced in by his employer. Henry was on pay and in his employment at the time he was eating his breakfast and within reasonable limitations it made no difference where he ate his breakfast. However, when the opinion was written in the Supreme Court, Judge Allen gave much attention to the question of the proximity of the railroad tracks upon which Henry was killed and held that the location of the track adjacent to the plant constituted a hazard of employment, evidently different from and greater than that to which the general public was subjected. Judge Allen, however, did stress the fact that Henry at the time of his ac-

cident had already entered upon his employment and was traveling the most direct route to perform the next necessary act in the course of such employment. In the opinion, Cudahy Packing Co. of Nebraska v. Parramore, 263 U. S. 418, Bountiful Brick Co. v. Industrial Commission, 68 Utah 600, and Lumberman's Reciprocal Assn. v. Behnken, et al., 112 Tex., 103, 246 S. W. 72, are cited and commented upon with approval. The opinion, also, states that **Industrial Commission v. Barber, 117 Oh. St., 373,** is not applicable to the facts in the decided case. The first syllabus in the Henry case must therefore be read in the light of the opinion that the facts in the Barber case were not controling. This branch of the syllabus reads,

"Where the claimant's decedent had entered upon his employment in the early morning hours, had left the premises of the employer to get his breakfast at a restaurant, in accordance with a custom acquiesced in by the employer, and, while returning to the premises of the employer by a direct and necessary route along a public thoroughfare, was struck by a train running upon the tracks of a railroad so immediately adjacent to the premises of the employer that the only way of ingress and egress toward the restaurant was one of hazard, the accident arose out of and in the course of the decedent's employment."

It is evident that the majority of the court shaped the syllabus and did give much effect to the proximity of the tracks of the railroad to the premises of the employer in conjunction with the fact that the only way of ingress and egress to the employer's place of business was over said tracks.

Giving application to the language of the syllabus in the Henry case, we perceive no difference in the applicable facts in that case and the instant case except that in the Henry case he had actually entered into his employment prior to the time of his injury and was then in his employment.

We have no difficulty in differentiating Industrial Commission v. Barber because there the tracks of the railroad upon which the injury occurred, although not upon the premises of the employer, were in part, at least, under its direction and control. In Lumberman's Reciprocal Assn. v. Behnken, supra, the place where the employee was injured was provided by the employer.

The case of Cudahy Packing Co. v. Parramore, 60 Utah 161, 207 Pacific 148, later reviewed in the Supreme Court of the United States under the same title and found in 263 U. S., 418, 44 Sup. Ct. Rep., 153, is, in its facts, a blue bottle case. The only factual difference between the instant case and the Cudahy case is that there it was found by the Commission that the proximity of the railroads to the plant of the Cudahy Packing Co. was essential to the successful operation of the plant. The Supreme Court considered this finding and said that it was not controling or of much significance.

The language of the Utah statute provided benefits for "every such employee who is killed by accident arising out of or in the course of his employment, wheresoever such injury has occurred." It will be noted that the phrases in the Utah Act are connected by the disjunctive "or". Our statute employes the conjunction "and". The Utah court noted this difference but said that under the facts the accident there under consideration would be held to arise both out of and occur in the course of the employment. The first syllabus of the Utah Supreme Court is,

"The death of an employee of a plant so located that it can be reached only by passing over railroad tracks crossing the highway, by being struck by an engine when he is going along the highway to work, arises out of or in the course of his employment within the meaning of the Workmen's Compensation Act."

It will be noted that this syllabus makes no mention of the necessity that the railroad tracks be in close proximity to the plant of the employer. The United States Supreme Court in reviewing the Cudahy Packing Co. case, 263 U. S., 418, 44 S. Ct., 153, announced that for the purposes of the appeal it was bound by the construction and application of the statute as made by the Utah court. However, it did consider the reasonableness of the statute in the light of the underlying purposes of Workmen's Compensation Acts. The claim was there made by the appellant that the risk to which the employee was exposed was no greater than that to which the public generally was subjected. Upon this question Justice Sutherland said at page 424 (263 U. S.):

"The fact that the accident happens upon a public road or at a railroad crossing, and that the danger is one to which the general public is likewise exposed, is not conclusive against the existence of such causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree."

The court held that the construction placed upon the statute by the Utah court was not subject to any constitutional objection under the federal constitution.

The observations which Judge Allen made in the Henry case respecting the Cudahy Packing Co. case in connection with the syllabus of the court is strong support for the claim that the accident in the instant case occurred in the course of plaintiff's employment. The Cudahy Packing Co. case was under consideration by our Supreme Court in the later decision of **Industrial Commission of Ohio v. Baker, 127 Oh. St., 345.** The Baker case in its facts does not parallel the instant case because Baker was killed at railroad tracks crossing a thoroughfare used generally by the public and a

quarter of a mile from the entrance to the plant in which he was employed. Judge Matthias, writing the opinion, reverted to **Fassig v. State ex Turner, 95 Oh. St., 232,** and **Industrial Commission v. Weigandt, 102 Oh. St., 1,** to define the meaning of "in the course of employment" as used in our Workmen's Compensation Act. He discussed Industrial Commission v. Barber, supra, and emphasized the holding in this case as respects the zone of employment and that an employee

"enters upon the course of his employment within the contemplation of the Workmen's Compensation Law when he reaches the zone of such employment **that is under the control of his employer,** even though such zone be outside of the enclosure of his employer. The hazards which the Compensation Law **(§1465-37 et seq., GC.)** was regarded as covering are those growing out of the conditions and environments of the workmen's employment. Such limitation and restriction was carefully made in the syllabus, and any purpose to so extend the liability as to cover injuries occurring at all points between the place of employment and the place of abode of the employee was expressly disavowed in the opinion."

The holding and reasoning of Judge Matthias in the Baker case and in construing the Barber opinion conflicts with the rationale of Judge Allen in the Henry opinion because in the Henry case the railroad tracks upon which Henry was killed, although in fairly close proximity to the employer's plant were not upon the premises of the employer and it exercised no control whatever over them. Judge Matthias, also, discusses the Cudahy Packing Co. case and emphasized that the United States Supreme Court held only that the interpretation of the statute given by the Supreme Court of Utah was binding upon it and, that as construed, such statute was not violative of the federal constitution. He further calls attention to the facts in the Cudahy case; that "the railroad over which the way extended was not only immediately adjacent to the plant but by means of switches was connected with it and, in principle, it was as though upon the actual premises of the employer". This quotation is taken from Justice Sutherland's opinion but we have been unable to find that the tracks upon which Parramore, the employee, was driving when killed ran into or became any part of the premises of the employer.

We might also examine the case of **Industrial Commission v. Heil, 123 Oh. St., 604,** which case this court also reviewed. The principle on which the Supreme Court decided the Heil case was never in doubt in this court and was given no consideration whatever in reaching our judgment. If the facts in the Heil case permitted of no construction whatever except those that the Supreme Court adopted, we would have hesitated not at all in reaching the

same conclusion. We determined that upon the peculiar facts present in the Heil case there was an issue whether or not Heil's employment began at the time when he left Springfield in the taxicab on his trip to the abbatoir where he was employed. Of course, if this was not in issue, then, inasmuch as he was injured upon a public highway a quarter of a mile from the right of way through which he entered the premises of his employer, would have clearly required the holding that he was not in the course of his employment when injured. The Heil case has nothing in common with the facts in this case and the pronouncement there made is not at all helpful.

The principle of the Barber case is followed in McMillan v. Calco Chemical Co., Inc., (N. J.), 188 Atlantic, 694, where it was held that where death of employee resulted from being struck by a train while driving over the right of way located on employer's land the accident arose out of and in the course of his employment. In Dent v. Ford Motor Co. (Mich.) 265 N. W., 518, an employee, upon leaving the employer's plant after completing the day's work stepped into a public street and slipped on a railroad track when five feet from the employer's premises. A finding that the accident happened on property of the employer based on the test that the track served the employer's plant could not be sustained in the absence of evidence of ownership by the employer.

It is the general rule that where an injury is suffered by an employee in going to his work, it may not be said that ██ it arose out of or occurred in the course of the employment. Any exception to the rule must arise because of unusual and varying circumstances. Exceptions may be found where the injury occurs before the employee has actually begun his work if the accident occurs after he is on ██ the premises of his employer and so near in point of time as that it is reasonable to conclude that he was on his way to his work and, if at the time of the injury, the employee was in the zone of his employment. The zone of employment, as we interpret the cases, generally, includes ██ premises owned or controled by the employer or adjacent premises so near thereto as to be considered a part of employer's premises when he exercises some direction or control thereof. The Henry case and the Cudahy cases held that the zone of employment included railroad tracks which were under no control of the employer and were not on the premises of the employer.

It is our conclusion that although there appears to be conflict with the principle of the Henry case in later opinions of our Supreme Court, it has not been reversed or modified ██ and it may be given application to the facts here appearing. In the instant case the tracks were so im-

mediately adjacent to the premises of the employer that the only way of ingress and egress to and from them was one of hazard and they were in such proximity to the premises of the employer that they may be said, under all the circumstances, to be within the zone of the employee's employment. In affirming this judgment, we recognize that this case is in the twilight zone and presents a factual situation which, in all details, has not been presented and has not been determined by our court of last resort.

Judgments affirmed.

BARNES, P. J., and GEIGER, J., concur.