**SCOTT, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2118. Decided January 4, 1951.

Thomas W. Maxon, Columbus, for plaintiff-appellee.
Hon. Herbert S. Duffy, Atty. Genl., T. Vincent Martin, Asst. Atty. Genl., Columbus, for defendant-appellant.

12

## OPINION

By THE COURT:

This is an appeal from a judgment in favor of the plaintiff and against the defendant finding that plaintiff is entitled to compensation for disability suffered by him as set forth in his petition. By consent of the parties the cause was submitted to a judge without the intervention of a jury.

The facts developed that plaintiff at the time of his accident was employed in the Accounting Department of the Public Utilities Commission of Ohio. He made claim for an award from the Workmen's Compensation Fund which was denied on hearing and rehearing and the cause was tried in the Common Pleas Court on an appeal from the order and finding of the defendant Commission that the plaintiff's injury was not sustained in the course of and did not arise out of his employment.

It appears by stipulation and testimony that the plaintiff in his capacity as an accountant was subject to call at all times for transfer to cities other than his headquarters, Columbus, Ohio; that for several days prior to June 10, 1947, he had been assigned to check the books of the Dayton Power and Light Company and, as the employees of the company had to use the same books as plaintiff, he and an associate arranged their working hours to conform to the convenience of the Power and Light Company. On the 10th of June, 1947, plaintiff worked until about twelve noon at the Power and Light Company office and then left for lunch at McShane's Restaurant, which is on Third Street, a short distance from the offices where plaintiff was working. He ordered a lunch, ate quickly and left the restaurant and was returning to work about 12:25 P. M. and had reached a place in the street immediately in front of the Power Company's office when he slipped on a wet and raised street-car rail and injured his left ankle bone. As a result of his injury he was compelled, on October 6, 1947, to have the left leg amputated above the knee.

Plaintiff, in addition to his regular salary, received allowance for traveling expenses, lodging and meals when on assignments away from his headquarters. It was developed that it was a policy of the Commission, and required of its

accountants, that they work at such times during, or after, regular office hours as would best conduce to the interests of the Commission and the convenience of the company whose books were being checked; that accountants such as plaintiff were subject to call at any time, day or night; that they had no particular time for lunch and at times worked without lunch.

Appellant claims that as a matter of law the judgment should have been for the defendant.

We are not favored with the opinion of the trial judge who heard and determined this case and do not know upon what authority in Ohio he relied. However, we have been provided with complete briefs by counsel for the parties wherein are cited most of the applicable decisions. An examination of these cases is convincing that in no one of them do the facts sufficiently parallel those found in this case to be controlling authority of the judgment here.

All members of the Court are in agreement that this judgment must be reversed because the injuries suffered by the plaintiff were not the result of any hazard greater than that to which the general public was subjected. **Malone v. Industrial Commission, 140 Oh St 293,** 3rd syl.

The accident occurred by slipping on a rail of a street-car track on a city street in downtown Dayton. The use of the street by the plaintiff was no different than that of the public generally and was not a hazard of his employment. The proposition upon which we rely is not discussed in the briefs of either of the parties.

Two members of the Court are of opinion that upon the facts developed it cannot be held that plaintiff's injury arose out of and occurred in the course of his employment. One member is of opinion that it can be so determined. The majority say that when plaintiff left his immediate place of employment for the purpose of securing his lunch, and while going thereto and coming therefrom, he was on a separate venture which had no causal connection between his employment and the injury which he suffered and that it did not grow out of the activities, conditions and requirements of his employment.

One member of the Court is of opinion that because of the terms and conditions of plaintiff's employment, his employer impliedly required that he take his lunch near to his immediate place of employment and to that extent controlled his movements to and from the place of lunch; that in the venture in which he was engaged at the time of his injury he was working for the direct benefit of his employer and in

a different sense than ordinarily would attend the going to and coming from a meal.

The majority is of opinion that this case is determined by **Eagle v. Industrial Commission, 146 Oh St 1,** and **Ruddy v. Industrial Commission, 153 Oh St 475.** The minority contends that there is no Ohio controlling case but that in particulars the facts here parallel those in the case of **Henry v. Industrial Commission, 124 Oh St 616,** in that the practice of the plaintiff to take his noon meal in such proximity to his immediate place of employment was not only a custom followed by him with the consent of his employer but by the implied direction of his employer. If the dissenting opinion of Judge Zimmerman in the Eagle case were the law in Ohio there would be no question about the right of the plaintiff to recover if the hazard resulting in his injury was not one to which the public was generally subjected. In this dissent there is a quotation from 58 Am. Jur. 744, Section 240:

"Where a servant has deviated from his employment to go on a personal errand, but has accomplished his purpose and has, at the time an accident occurs, started back toward the place where he is to do some act or perform some service for his employer, the injury has been held to have arisen out of and in the course of the employment, notwithstanding such deviation."

Outside of Ohio the decisions are at variance upon facts similar to those appearing here. In an annotation to Desautel v. North Dakota Workmen's Compensation Bureau, 141 A. L. R. 862, are gathered the later cases arising under Workmen's Compensation Acts relating to injuries to employees away from employers' premises during lunch hour. The principle case, at page 858, involved the claim of a ward attendant in a state institution who was injured while on her own premises during lunch hour. She was regularly employed from 6:00 A. M. to 7:15 P. M. each day, with two periods of rest of 30 minutes each, and a 30-minute lunch period. It was understood and agreed that she was to take her lunch at her home, which was across the highway about 100 feet from the premises of the institution and three hundred yards from the ward in which she worked, and return to her duties within the half hour allotted for that purpose. The Court held that it could not be said, as a matter of law, that her injury did not arise in the course of her employment. The annotator in the note to the above cases says:

"The fact that an employee was injured while away from his employer's premises during the lunch hour does not necessarily preclude a recovery of compensation under work-

men's compensation acts. It is, however, a factor together with the other circumstances, in determining whether the injury arose out of, or in the course of, the employment."

In the annotation to Pearce v. Industrial Commission (Ill.), 18 A. L. R. 525, it is said that before one may claim the benefit of the Workmen's Compensation Act by reason of an injury suffered upon the premises of the employer, it should appear that the act being performed by the employee at the time of the injury must result in some benefit or possibility of benefit to the employer.

The judgment will be reversed and judgment entered for the defendant.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON MOTION FOR REHEARING

No. 2118. Decided February 8, 1951.

Thomas W. Maxson, Columbus, for plaintiff-appellee.

Herbert S. Duffy, Atty Genl., C. William O'Neill, Atty Genl., T. Vincent Martin and Chalmers P. Wylie, Asst. Attys. Genl., Columbus, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of plaintiff-appellee for rehearing. The motion is directed to our opinion wherein we say that all members of the Court are in agreement that the judgment must be reversed because the injuries suffered by the plaintiff were not the result of any hazard greater than that to which the general public was subjected. **Malone v. Industrial Commission, 140 Oh St 293.** It is true that we directed attention to the fact that the proposition upon which we relied had not been discussed in the briefs of counsel or in oral argument to the Court. However, inasmuch as a majority of the Court has concluded that the judgment should be reversed on another ground the sustaining of the application for a rehearing would not require a different judgment in this Court. For that reason, and also because we are of opinion that our former conclusion is correct, that the injuries suffered by the plaintiff were not the result of any hazard greater than that to which the general public was subjected, the motion will be denied.

We have considered the cases cited for and against the motion. The question presented is one of law only and no

advantage would result by oral argument. The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON MOTION TO VACATE OPINION

No. 2118. Decided April 26, 1951.

Thomas W. Maxson, Columbus, for plaintiff-appellee.

C. William O'Neill, Atty. Genl., Chalmers P. Wylie, Asst. Atty. Genl., Columbus, for defendant-appellant.

## OPINION

By THE COURT:

Submitted upon motion of appellee to vacate the opinion dated January 4, 1951, "for the reason that the Court of Appeals did not have jurisdiction to finally determine the matter."

The notice of appeal was filed in the trial court before the death of Wallace M. Scott. This perfected the appeal and vested jurisdiction in the Court of Appeals to review and adjudicate the question of the validity of the judgment. Sec. 12223-4 GC. If the revivor in the name of the executrix of decedent's estate was improper, it was nothing more than an irregularity which did not affect the jurisdiction of the court.

We find nothing in **State ex rel. Gaddis v. Industrial Commission of Ohio,** 133 Oh St 553, cited by counsel for appellee, which is contrary to our conclusion. The second syllabus of the cited case recognizes the possibility that the judgment in that case may have been reversed.

Any irregularity in the revivor in this Court could have been corrected by counsel for the appellee by timely action and if there had been any denial of proper representation of the cause of the plaintiff-appellee this Court would take any appropriate steps to assure such representation. We are cognizant that all of the rights of the appellee were fully and capably presented by counsel. Even now any party may be substituted who has an interest in the judgment in this Court.

The motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.