HILL, APPELLANT, *v.* GENERAL
METAL HEAT TREATING, INC.
ET AL., APPELLEES.

(No. 53740—Decided May 9, 1988.)

*Shapiro, Kendis & Assoc. Co.,
L.P.A.,* and *David G. Schmidt,* for appellant.

*Arter & Hadden* and *Louis J. Li-cata,* for appellee General Metal Heat Treating, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Bruce Rutsky,* for appellees James L. Mayfield, Administrator, and Industrial Commission of Ohio.

MARKUS, J. The claimant-widow appeals from a summary judgment dismissal of her claim for workers' compensation benefits for her husband's death. Like the Industrial Commission, the trial court concluded that her husband did not sustain his fatal injuries in the course of and arising out of his employment. The widow argues that her husband's death was causally related to his employment, or that it resulted from a special hazard incident to his employment. Presently controlling precedent rejects those contentions for these circumstances, so we affirm the trial court's judgment.

I

The parties submitted cross-motions for summary judgment on stipulated facts and exhibits. The following stipulations constitute all the information which they supplied that is relevant to the disputed issues:

"On or about June 14, 1983, at approximately 5:17 a.m., Anthony Q. Hill [the widow's deceased husband] was an employee of General Metal Heat Treating, Inc.

"On that day, Anthony Q. Hill was working the 11:30 p.m. to 8:30 a.m. shift. Anthony Q. Hill's timecard reveals that on June 13, 1983, he arrived at work at 11:29 p.m. and left work for lunch the following morning, on June 14, 1983 at 4:49 a.m.

"On or about June 14, 1983, at approximately 5:17 a.m., Anthony Q. Hill was involved in an automobile accident while operating his Kawasaki KZ750 motorcycle during his lunch break.

"The accident occurred at Addison Road, approximately fifty feet north of

Schaffer Road. This location is approximately ¼ mile from the Employer's plant.

"The accident was the result of a collision with a 1969 Malibu Chevrolet.

"Anthony Q. Hill died as a result of this accident.

"General Metal Heat Treating, Inc. pays its employees for their lunch break.

"General Metal Heat Treating, Inc.'s policy for payment of the employees' lunch break is that it prefers to have its employees take their lunch break on the premises because of the nature of the work at this company. The nature of the work prohibits employees from taking routine, daily lunch breaks, and, therefore, it is in the best interests of the General Metal Heat Treating, Inc. to have its employees take their break on the premises.

"The employees who take their lunch break on the premises usually do so in the inspection room where coffee is available, the shipping office, or other locations around the plant."

## II

The decedent's widow first contends that these stipulations establish a sufficient causal connection between his death and his employment. To support that contention, she relies principally on the Supreme Court's early decision in *Sebek* v. *Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, 36 O.O. 282, 76 N.E. 2d 892 (worker's food poisoning injury was compensable when she sustained it in the employer's cafeteria where the meal was part of her compensation).

R.C. 4123.01(C) defines an "injury" for which death benefits are payable under R.C. 4123.59:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

An activity occurs in the course of a worker's employment if it is part of the worker's employment duties or is reasonably incident to those duties. *Sebek, supra,* paragraph three of the syllabus; *Kasari* v. *Indus. Comm.* (1932), 125 Ohio St. 410, 181 N.E. 809, 82 A.L.R. 1040, paragraph one of the syllabus; *Frishkorn* v. *Flowers* (1971), 26 Ohio App. 2d 165, 167, 55 O.O. 2d 310, 311, 270 N.E. 2d 366, 368. An injury may be compensable even though the activity occurs away from the employer's premises. *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 304, 15 O.O. 3d 359, 360, 401 N.E. 2d 448, 450; *Indus. Comm.* v. *Henry* (1932), 124 Ohio St. 616, 11 Ohio Law Abs. 384, 180 N.E. 194; *Primiano* v. *Ohio Bell Telephone Co.* (Apr. 24, 1986), Cuyahoga App. No. 50495, unreported.

However, an employee's injury is generally not compensable if the employee sustains it while traveling to or from a fixed place of employment. *Bralley* v. *Daugherty, supra,* at 303, 15 O.O. 3d at 360, 401 N.E. 2d at 449-450; *Lohnes* v. *Young* (1963), 175 Ohio St. 291, 292, 25 O.O. 2d 136, 194 N.E. 2d 428, 429. Similarly, an employee's injury is generally not compensable if the employee sustains it while traveling to or from lunch away from the employer's premises. *Eagle* v. *Indus. Comm.* (1945), 146 Ohio St. 1, 3, 31 O.O. 451, 452, 63 N.E. 2d 439, 440.

The injury is compensable if it has a proximate relationship to the claimant's employment activities, conditions, or environment. *Bralley* v. *Daugherty, op. cit.; Primiano* v. *Ohio Bell Telephone Co., supra.* It is not compensable if its relationship to the claimant's employment is remote because it lacks a sufficient nexus with the employment activity.

Relevant factors in determining whether the injury has a proximate

relationship to the worker's employment include (1) the proximity of the incident to the worker's place of employment, (2) the extent of the employer's control or right to control that place, and (3) the employer's benefit from the employee's presence there. *Lord* v. *Daugherty* (1981), 66 Ohio St. 2d 441, 20 O.O. 3d 276, 423 N.E. 2d 96, syllabus; *Primiano* v. *Ohio Bell Telephone Co., supra.*

In this case, the worker sustained his fatal injury one-quarter mile from his place of employment. That distance militates against a finding under the *Lord* criteria that the decedent's injury bore a proximate relationship to his employment. Repeated precedents have held that injury at a comparable distance from the worker's place of employment was not compensable. *E.g., Bralley* v. *Daugherty, supra* (approximately one-third of a mile); *Indus. Comm.* v. *Baker* (1933), 127 Ohio St. 345, 188 N.E. 560 (one-quarter mile); *Simenauer* v. *Toledo Bd. of Edn.* (June 20, 1986), Lucas App. No. L-85-444, unreported (sixty-six yards).

Other cases approved compensation when the injury occurred closer to the place of employment, particularly when additional factors related the activity to the worker's employment. *E.g., Indus. Comm.* v. *Henry, supra* (twenty-five to thirty feet); *Indus. Comm.* v. *Barber* (1927), 117 Ohio St. 373, 159 N.E. 363 (twenty to forty feet); *Spellman* v. *Indus. Comm.* (1943), 73 Ohio App. 369, 39 Ohio Law Abs. 61, 29 O.O. 87, 51 N.E. 2d 414 (on adjoining railroad tracks); *Primiano* v. *Ohio Bell Telephone Co., supra* (a plaza immediately outside the building where the employer maintained its offices).

The second factor in the *Lord* analysis likewise denies a proximate relationship between this worker's injury and his employment. The fatal injury occurred on the public roadway over which the employer had no control or right of control. Cf. *Becton, Dickinson & Co.* v. *Indus. Comm.* (1977), 54 Ohio App. 2d 186, 191, 8 O.O. 3d 329, 332, 376 N.E. 2d 961, 963-964.

Finally, the third factor from the *Lord* case also disputes a finding that this injury proximately related to the decedent's employment. Contrary to the claimant's argument, the employer had no apparent benefit from the worker's presence at the place where he sustained his fatal injury. The employer benefited from its employees' rest and refreshment at lunch, and from a flexible schedule for their lunch breaks. However, the parties stipulated that the employees would best serve those interests by taking their lunch breaks on the employer's premises.

We recognize that a few jurisdictions recognize a "paid lunch" rule which apparently compensates for injury during travel pursuant to a paid lunch break. See, *e.g., Union Camp Corp.* v. *Blackmon* (1972), 289 Ala. 635, 270 So. 2d 108; *Cox Bros. Lumber Co.* v. *Jones* (1952), 220 Ark. 431, 248 S.W. 2d 91; *Duncan* v. *Workers' Comp. Appeals Bd.* (1983), 150 Cal. App. 3d 117, 197 Cal. Rptr. 474; *Goldberg* v. *Gold Medal Farms, Inc.* (1963), 18 App. Div. 2d 951, 237 N.Y. Supp. 2d 656. See, also, 1 Larson, Law of Workmen's Compensation (1985) 4-116.30, Section 15.52.

However, this intermediate appellate court should not adopt such a new rule, which seemingly contradicts previously discussed Ohio Supreme Court precedent, without further guidance from the legislature or the Supreme Court. See, also, *Scott* v. *Indus. Comm.* (App. 1951) 62 Ohio Law Abs. 11, 105 N.E. 2d 881 (salaried employee's injury while returning from lunch was not compensable despite the fact that his employer paid for the lunch). Therefore, we overrule the first assigned error which claims a

proximate relationship between the decedent's injury and his employment.

## III

In her second assigned error, the claimant contends that the decedent's injury resulted from a special hazard incidental to his employment. She relies here on the Supreme Court's more recent decision in *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570.

In *Littlefield,* the court held that the employee's injury was compensable when a truck struck the rear of a car in which he was a passenger. The car was then waiting opposite the sole entrance for his employer's property to make a left turn into it. The injured worker was returning from lunch at a restaurant one-eighth mile away, along the most direct route. It was a four-lane roadway which customarily had heavy truck traffic.

In so ruling, the court initially stated that the "going and coming" rule would ordinarily preclude compensation for this injury. *Id.* at 391, 6 OBR at 440-441, 453 N.E. 2d at 573. However, the court then reasoned that a "special hazard or risk" exception to the "going and coming" rule would permit compensation in Littlefield's circumstances. The court decided that Littlefield faced a special hazard by waiting to turn left on that heavily trafficked roadway opposite the company's sole entrance. The syllabus in *Littlefield* defined the applicable exception:

"1. An employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard.

"2. The special hazard rule applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or qualitatively greater than the risk common to the public."

It may be arguable that the circumstances here satisfy the first requirement for the special hazard exception. This record does not preclude a factual finding that the decedent was at the location where he sustained his injury solely because of his employment. However, the record does preclude a genuine issue of fact whether the risk there was "distinctive in nature or qualitatively greater than the risk common to the public."

Ordinarily, travel on a public roadway exposes an employee to the same risks which the general public faces. *Indus. Comm.* v. *Baker, supra,* at 349, 188 N.E. at 562; *Monjar* v. *Mayfield* (1987), 35 Ohio App. 3d 76, 77, 519 N.E. 2d 681, 683. No special circumstances created an unusual hazard where this decedent sustained his injury. The claimant argues that driving at 5:17 a.m. is a special hazard which the general public does not face. Obviously, other motorists can and do drive at that time. Indeed, some might urge that driving has less risks then, when there are fewer motorists on the roadway.

Traveling to and from work at less traditional hours does not render an injury during that trip compensable. *Lohnes* v. *Young, supra,* at 294, 25 O.O. 2d at 137, 194 N.E. 2d at 430-431; *Harden* v. *Connor* (Nov. 23, 1984), Lucas App. No. L-84-195, unreported. We overrule the claimant's second assigned error and affirm the trial court's judgment.

*Judgment affirmed.*

MATIA, P.J., and PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.