RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0096P (6th Cir.)
File Name: 03a0096p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WALTER SULLIVAN III,
    *Plaintiff-Appellant,*

BRIANA SULLIVAN et al.,
    *Plaintiffs,*

v.

TEDD SHIMP et al.,
    *Defendants-Appellees.*

No. 01-4193

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 00-00274—Susan J. Dlott, District Judge.

Argued: March 13, 2003

Decided and Filed: April 1, 2003

Before: COLE, GILMAN, and BRIGHT, Circuit Judges.[*]

---

[*] The Honorable Myron H. Bright, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

---

## COUNSEL

**ARGUED:** Paul W. Mills, M.R. DONOFF AND ASSOCIATES, Dayton, Ohio, for Appellant. Shaun A. Roberts, FREUND, FREEZE & ARNOLD, Dayton, Ohio, Gregory P. Dunsky, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellees. **ON BRIEF:** Paul W. Mills, Marilyn R. Donoff, M.R. DONOFF AND ASSOCIATES, Dayton, Ohio, for Appellant. Stephen C. Findley, FREUND, FREEZE & ARNOLD, Dayton, Ohio, Patrick D. Quinn, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellees.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. On Sunday, March 12, 1995, Tedd Shimp and Walter Sullivan, III were involved in a traffic accident that severely injured Sullivan. Shimp, a civil attorney employed by the United States Air Force, was returning home from his office at the Air Force base, where he had picked up documents and otherwise prepared for a work-related trip the following day.

Sullivan and his children brought an action against Shimp in state court for damages and loss of consortium. Shimp subsequently filed a petition with the state court for "certification of scope of employment," which, if granted, would have effectively substituted the United States as the defendant in the action. The United States then removed the action to federal court. Adopting the Report and Recommendation of the magistrate judge, the district court denied Shimp's petition. For the following reasons, we **AFFIRM** the judgment of the district court.

# I. BACKGROUND

Shimp is a civil trial attorney with the Directorate of Contract Appeals of the Air Force Material Command. In this capacity, he represents the Air Force in litigation related to its contractual disputes on the West Coast of the United States and in Asia. He spends somewhere between twenty and fifty percent of his work time in those locations and the remaining work time at the Wright-Patterson Air Force Base (AFB) in Dayton, Ohio, where he is assigned an office.

Shimp was scheduled to fly from the Dayton Airport to Los Angeles, California on Monday, March 13, 1995, in connection with his job. He drove to the AFB with his children the day before, Sunday, March 12, 1995, because he had left various documents at his office that he needed for the trip. After spending approximately four hours at the office copying documents and otherwise preparing for his travels, he left the AFB with his children to return home.

On the ride home, Shimp's car collided with Sullivan's motorcycle near the exit ramp for Route 35, severely injuring Sullivan. Shimp reported the collision to his supervisors, but only because the accident delayed his departure for Los Angeles the following day.

On January 23, 1997, Sullivan and his children filed suit against Shimp in the Common Pleas Court of Montgomery County, Ohio, asserting a claim based upon Shimp's alleged negligence in causing the accident. After the United States refused to certify that Shimp was acting in the scope of his employment at the time of the accident, Shimp filed a petition for certification of scope of employment pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28 U.S.C. § 2679. The government then removed the action to federal court. Adopting the magistrate judge's Report and Recommendation, the district court denied Shimp's petition. This appeal followed.

# II. ANALYSIS

Pursuant to the Westfall Act, the United States stands in the shoes of its employees whose "negligent or wrongful act[s]" in the scope and course of their federal employment cause an injury. 28 U.S.C. § 2679(b)(1). The Act effectively "shields federal employees from liability for common law torts committed within the scope of employment." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994). "In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3). We review questions regarding certification under the Westfall Act de novo. *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002).

"[W]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *Id.* Under Ohio law, an employee acts within the scope of his employment "when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it." *Posin v. A.B.C. Motor Court Hotel, Inc.*, 344 N.E.2d 334, 339 (Ohio 1976). The Ohio Supreme Court has devised a three-prong test to assess whether employees are acting within the scope of their employment when they cause an injury while operating their own vehicles:

(1) . . . the employer had expressly or impliedly authorized the employee to use his own automobile in doing the work he was employed to do, (2) . . . the employee was at the time of such negligence doing work that he was employed to do, and (3) . . . the employee was subject to the direction and control of the employer as to the operation of the employee's automobile while using it in doing the work he was employed to do (so that the relation between the employer and employee in the

driving of the automobile would be the relationship of principal and agent or of master and servant as distinguished from the relationship of employer and independent contractor).

*Boch v. N.Y. Life Ins. Co.*, 196 N.E.2d 90, 92 (Ohio 1964) (internal citations and emphases omitted).

Because the district court correctly found that the third prong of *Boch* was clearly not satisfied, we need not reach the issue of whether the first two prongs have been met. The magistrate judge thoroughly analyzed the direct-and-control issue in his supplemental Report and Recommendation:

Mr. Shimp chose which day and what time to make the trip, as well as the route he drove, to his office. At the time of the collision with Mr. Sullivan, the United States was exercising absolutely no constraints on Mr. Shimp's time or activities with respect to his employment. No one called Mr. Shimp at home and directed him to go to his office on March 12, 1995, to collect the items which he would need to take to Los Angeles the next day. In addition, Mr. Shimp was accommodating his own schedule when he went to his office on March 12, 1995. . . . Shimp was not required to gather[] the materials when he did.

In arguing to the contrary, Shimp relies upon *Hill v. General Metal Heat Treating, Inc.*, 547 N.E.2d 405 (Ohio Ct. App. 1988), which he cites for the proposition that an employee acts within the scope of his employment when he is "transporting necessary business materials required for a business trip." But the *Hill* court never made such a statement, and it in fact held that the employee was *not* acting within the scope of his employment when he was involved in an automobile accident during his lunch break. The Ohio Court of Appeals stated that the "[r]elevant factors in determining whether the injury has a proximate relationship to the worker's employment include (1) the proximity of the incident to the worker's place of employment, (2) the extent of the employer's control or right to control that place, and

(3) the employer's benefit from the employee's presence there." *Id.* at 408. Although we are puzzled by the fact that *Hill* makes no mention of *Boch* or its three-prong test, we conclude in any event that *Hill* is not determinative.

The accident scene in the present case was not near the AFB and the Air Force had no control or right to control the location of the accident. Moreover, in *Hill*, the court concluded that a one-quarter-mile distance, far less than the distance between the AFB and the scene of the accident here, militated against a finding that the employee was acting within the scope of his employment. *See id.* (noting that previous courts have found that one-quarter and one-third of a mile were too far, but that twenty to forty feet was sufficiently proximate).

Another key case cited by Shimp is *Fletcher v. Northwest Mechanical Contractors, Inc.*, 599 N.E.2d 822 (Ohio Ct. App. 1991). He relies upon *Fletcher* to bolster his contention that he was acting within the scope of his employment because his "job involves work at various sites." But the difference between Shimp's job and the job at issue in *Fletcher* is material. In *Fletcher*, the employee was a "working foreman" who installed and supervised the installation of sprinkler systems. *Id.* at 823. Although he had an office at his employer's factory, the foreman frequently received telephone calls from his employer directing him to various job sites. *Id.* Accordingly, the foreman kept his employer's tools in his personal truck for ready availability. *Id.* Over the course of a year, he spent approximately 250 days at different sites. *Id.* The accident in *Fletcher*, in fact, took place as the foreman was heading to a job site at the direction of his employer. *Id.*

Shimp, on the other hand, traveled in connection with his job substantially less than the *Fletcher* foreman, and Shimp's travel on the date of the accident was not in any way subject to the direction and control of the Air Force. Here, Shimp's Sunday drive was on a day of the week when he was not required to go to the AFB at all. He had the option of picking up the documents at any time he chose, including the Friday

before his trip or the Monday morning just before he left for Los Angeles.

Furthermore, Shimp never sought to be reimbursed for the distance he drove between his home and the AFB. Although he called his work supervisor shortly after the accident, he did so only because the accident prevented him from travelling to Los Angeles the following day. Shimp was simply not "subject to the direction and control" of his employer at the time of the accident. The district court, therefore, did not err in finding that Shimp was not acting within the scope of his employment when the accident took place.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.