[Cite as *Jones v. Multicare Health & Educational Servs., Inc.*, 2013-Ohio-701.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98899

## ERIC JONES

PLAINTIFF-APPELLANT

vs.

## MULTICARE HEALTH & EDUCATIONAL SERVICES, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-766598

**BEFORE:**     Boyle, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     February 28, 2013

**ATTORNEYS FOR APPELLANT**

Dustin S. Lewis
Kenneth C. Podor
The Podor Law Firm
33565 Solon Road
Solon, Ohio   44139


**ATTORNEYS FOR APPELLEES**

**For Multicare Health & Educational Services, Inc.**

Michael J. Reidy
Scott W. Gedeon
Meredith L. Ullman
Ross, Brittain & Schonberg
6480 Rockside Woods Boulevard, S.
Suite 350
Cleveland, Ohio   44131

**For Administrator, Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General
Virginia Egan Fisher
Assistant Attorney General
Workers' Compensation
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Plaintiff-appellant, Eric Jones, appeals the trial court's judgment granting summary judgment in favor of defendants-appellees, Multicare Health   and Educational Services, Inc. ("Multicare"), and the Administrator of the Bureau of Workers' Compensation (the "BWC"), on his claim seeking compensation under the Workers' Compensation Act.   The trial court found that the injuries Jones sustained in a motor-vehicle accident were not sustained in the course of and arising out of his employment at Multicare.   Finding merit to the appeal, we reverse and remand for further proceedings.

## Procedural History and Facts

{¶2}   In September 2010, Multicare, a home health agency, hired Jones as its director of nursing — a salaried position that required Jones to work from 8:30 a.m. to 5:00 p.m. with an unpaid, half-hour lunch break.

{¶3}   On January 5, 2011, Jones reported to Multicare's office and then traveled to a client's home located on Lakeshore Boulevard.   Jones picked up a prescription order from the client and drove to a nearby Rite Aid pharmacy on East 185th Street to fill the prescription.

{¶4}   Upon learning that the prescription would take 45 minutes to fill, Jones decided to take his lunch break, heading downtown.   According to Jones's deposition,

he had lunch at either Slyman's or Landmark restaurant in Cleveland. Following his lunch, Jones attempted to return to Rite Aid but was rear-ended by another vehicle on the exit ramp of I-90 at the East 185th Street exit. Jones sustained injuries and subsequently filed a claim for workers' compensation.

{¶5} Jones's claim for workers' compensation benefits was allowed by a district hearing officer at the Industrial Commission, which was subsequently affirmed by a staff hearing officer. Thereafter, the Industrial Commission refused to hear further appeals from the district hearing officer's decision.

{¶6} In October 2011, Multicare filed an appeal with the court of common pleas. Jones subsequently filed his complaint, seeking a judgment against Multicare and the BWC, with the right to participate and receive benefits for the injuries he sustained in the motor-vehicle accident.

{¶7} Multicare subsequently moved for summary judgment, which Jones opposed. The trial court ultimately granted Multicare's motion, finding that Jones was not entitled to workers' compensation benefits.

{¶8} Jones appeals, raising a single assignment of error:

The lower court erred in granting appellees' motion for summary judgment.

### Standard of Review

{¶9} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record

to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶10} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶11} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

## Governing Law

{¶12} To recover workers' compensation benefits, Ohio law requires that the worker demonstrate that an injury occurred both "in the course of" employment and that

it "arises out of" that employment. *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 121, 689 N.E.2d 917 (1998), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990); *see also* R.C. 4123.01(C). Failure to satisfy both prongs precludes recovery under the Workers' Compensation Act. *Fisher* at 277. But in applying the statutory requirements, we remain mindful that the workers' compensation statutes should be liberally construed in favor of employees. R.C. 4123.95.

{¶13} In this case, Multicare moved for summary judgment on the basis that Jones cannot satisfy either prong because his injuries arose as a result of "an excursion of his own choosing that bore no relationship to his job duties that day." In its motion, Multicare asked the trial court to take judicial notice that the Rite Aid pharmacy is 1.5 miles from the patient's residence. Multicare further asked the trial court to take judicial notice that the distance from Rite Aid to Slyman's restaurant is 9.85 miles, and Rite Aid to Landmark restaurant is 8.2 miles. According to Multicare, it is not required to bear the liability for Jones's voluntary "frolic" during the work day.

*"Coming-and-Going" Rule*

{¶14} Multicare cited several cases in support of its argument that "lunchtime excursions or injuries sustained while traveling to and from lunch are not compensable." We note that the cases relied on by Multicare primarily hinged on the "coming-and-going" rule. "The coming-and-going rule is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs 'in the course of' and 'arises out of' the employment relationship so as to constitute a compensable injury."

*Ruckman* at 119. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991).

{¶15} Although Multicare asserted that the "coming-and-going" rule is not applicable in its reply brief, the majority of the cases that it relied on in support of its motion were based on this very principle with respect to fixed-situs employees traveling to lunch. Notably, Multicare did not argue or establish that Jones had a "fixed place of employment." Even on appeal, Multicare relies primarily on two cases, namely, *Hill v. Gen. Metal Heat Treating, Inc.*, 47 Ohio App.3d 72, 547 N.E.2d 405 (8th Dist.1988), and *Smith v. Akron*, 9th Dist. No. 22101, 2004-Ohio-4974, that it argues supports the trial court's granting of summary judgment. These two cases, however, involved an employee with a fixed place of employment. This is a critical distinction from the instant case. Again, Multicare never established, let alone argued, that Jones was a fixed-situs employee. We therefore find that the cases applying the "coming-and-going" rule to fixed-situs employees are inapplicable to this case.

{¶16} Thus, we now turn to the critical issue: whether Multicare established as a matter of law that Jones's injuries did not occur in the course of and arise out of his employment.

*"In the Course of" Employment*

**{¶17}** Turning to the first prong, it is well settled that the mere fact that an injury occurred during employment is not sufficient to establish entitlement to benefits. *Rosado v. Cuyahoga Metro. Hous. Auth., Inc.*, 8th Dist. No. 87922, 2007-Ohio-1164, citing *Eggers v. Indus. Comm.*, 157 Ohio St. 70, 104 N.E.2d 681 (1952). The Ohio Supreme Court summarized this prong as follows:

> The phrase "in the course of employment" limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. "To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer." An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business.

(Citations omitted.) *Ruckman*, 81 Ohio St.3d 117, 120, 689 N.E.2d 917.

**{¶18}** "In analyzing whether an injury occurred in the course of employment, a court must consider factors such as 'time, place, and circumstances' of the injury to determine the existence of a nexus between the employment and the activity causing the injury." *Woodard v. Cassens Transport Co.*, 3d Dist. No. 14-11-22, 2012-Ohio-4015, ¶ 17, quoting *Fisher*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271. "If the injuries are sustained [off premises], the employe[e] * * * must, at the time of his injury, have been engaged in the promotion of his employer's business and in the furtherance of his

affairs." *Ruckman* at 121, quoting *Indus. Comm. v. Bateman*, 126 Ohio St. 279, 185 N.E. 50 (1933), paragraph two of the syllabus.

**{¶19}** We find that reasonable minds could reach differing conclusions with respect to this prong. The record reveals that Jones's job duties required him to drive to a pharmacy to pick up the client's prescription. The issue in this case, therefore, hinges on whether Jones departed from his job duties at the time of the accident on a personal errand or frolic. While Multicare contends that Jones had engaged in a frolic by driving downtown for lunch — departing from his job duties — Jones maintains that he had already resumed work at the time of the accident because he was driving to the pharmacy to pick up the client's prescription.

**{¶20}** Contrary to Multicare's assertion, we cannot say that Jones was off on a frolic as a matter of law. Notably, although Multicare emphasizes the distance that Jones drove downtown to have lunch, i.e., at least eight miles away, the record reveals that the accident occurred at the East 185th Street exit off of I-90 — closer to the Rite Aid pharmacy than downtown. We further note that there is no dispute that Jones was entitled to a lunch break. Nor is there any evidence that Multicare restricted when or where Jones could take his lunch. Thus, given that the timing, place, and circumstances of the motor- vehicle accident allow for two equally compelling conclusions as to whether Jones was in the course of his employment at the time of the accident, we find that the trial court erred in deciding this issue as a matter of law.

*"Arising Out"* of the Employment

{¶21} The "arising out of" the employment prong employs a totality of the circumstances approach to determinate whether a causal connection existed between the employment and the injury. *Fisher*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271.

> Whether there is a sufficient "causal connection" between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including the (1) proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.

*Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), syllabus. The *Lord* factors, however, are not dispositive. Indeed, due to the fact-specific nature of these cases, "no one test or analysis can be said to apply to each and every factual possibility." *Fisher* at 280.

{¶22} In deciding this prong, the crucial issue is whether a sufficient causal connection exists between Jones's injury from the motor-vehicle accident and his employment. We find that reasonable minds could reach differing conclusions with respect to this prong.

{¶23} According to Multicare, a strict application of the *Lord* factors precludes Jones from participating in the Workers' Compensation Fund. Multicare asserted in its motion for summary judgment that (1) the proximity of the scene bore absolutely no relationship to Jones's job duties, (2) that Multicare had no control over the scene of the accident, and (3) that Multicare received no benefit from Jones being in that area at the time of the accident. The gravamen of Multicare's argument is that Jones's decision to

drive so far for lunch renders the causal connection between his injury and employment at the time of the accident too remote to entitle him to benefits. Although we may agree that a juror may find that Jones's decision to drive downtown to be fatal to his claim for workers' compensation benefits, we cannot say that reasonable minds would all reach the same conclusion.

{¶24} Indeed, construing the facts in a manner most favorable to Jones, we find that a reasonable juror could conclude that there is a sufficient causal connection between Jones's injury and his employment to entitle him to benefits. First, the accident occurred closer to the pharmacy than to downtown, and Jones was heading to the pharmacy as part of his job duties. Secondly, the second prong of the *Lord* test considers whether the employer had some degree of control over the scene of the accident, which includes how the claimant came to be there. *See Chilton v. Conrad*, 2d Dist. No. 04CA0050, 2005-Ohio-3873. Jones would not have been in that area if it were not for the fact that he had to pick up his client's prescription. Finally, the last element contemplates the benefit that Multicare received from Jones being in that area at the time of the accident. Multicare receives a benefit from its employees being refreshed and rejuvenated from having a lunch. It further received a benefit from Jones picking up the client's prescription — a necessary part of his job.

{¶25} We further find that our decision is supported by the Ninth District's decision in *Miller v. Admr., Bur. Workers' Comp.*, 9th Dist. No. 24805, 2010-Ohio-1347. In *Miller*, the court held that the claimant was entitled to workers' compensation

benefits for the injuries that he sustained during a paid break at a restaurant en route to his next inspection site. While we do not find that *Miller* is completely analogous to the instant case, we find that it is persuasive authority in support of Jones's argument that summary judgment should not have been granted. Although there are some factual distinctions between *Miller* and this case, i.e., that Miller was on a paid break at the time that he was injured, we note that the holding in *Miller* granted judgment in favor of the employee. Here, Jones relies on *Miller* in support of his claim that reasonable minds could reach different conclusions with respect to this case. We agree.

{¶26} In analyzing the "arising out of" prong, the *Miller* court emphasized that the employer did not prohibit its employees from taking breaks off the premises and that it was reasonable for Miller to take the break off the premises given the amount of travel inherent to his job duties. This is analogous to the instant case. Again, there is no evidence in the record that Multicare restricted when or where Jones could take his lunch break. Further, it was reasonable for Jones to take his lunch while out picking up a prescription at a pharmacy. Given that Multicare reasonably expected its employees to take a lunch, we also cannot say that Multicare is insulated from all liability simply because Jones's lunch was not paid. As discussed above, this case does not involve an employee with a fixed location of employment taking his lunch off the premises.

{¶27} Accordingly, having found that reasonable minds could differ in determining whether a sufficient causal connection exists between Jones's injury and employment, we find that the trial court erred in deciding the issue as a matter of law.

*See Saldana v. Erickson Landscaping & Constr.*, 11th Dist. No. 2003-G-2546, 2005-Ohio-142 (recognizing that reasonable minds can differ on the issue of whether employee's injury arose out of his employment).

**{¶28}** Jones's sole assignment of error is sustained.

**{¶29}** Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR